UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-23429-Civ-COOKE/GOODMAN

MICHAEL LAVIGNE, JENNIFER LAVIGNE,
CODY PYLE, JENNIFER RIBALTA, JEFF
RODGERS, PATRICIA RODGERS, et al.,

Plaintiffs,

vs.

HERBALIFE, LTD., HERBALIFE
INTERNATIONAL, INC., et al.,

Defendants.
_____/

**JOINT REPLY IN SUPPORT OF DEFENDANTS' JOINT MOTION TO STAY
DISCOVERY, PRETRIAL DISCLOSURES, AND OTHER DEADLINES, AND
FOR PROTECTIVE ORDER, PENDING RULING ON DEFENDANTS' JOINT
MOTION TO COMPEL ARBITRATION AND THEIR ALTERNATIVE
MOTIONS TO TRANSFER VENUE AND TO DISMISS [ECF 65]**

Defendants, HERBALIFE, LTD., HERBALIFE INTERNATIONAL, INC., HERBALIFE INTERNATIONAL OF AMERICA, INC., and MARK ADDY, et al., through their undersigned counsel, hereby file this Reply in Support of their Joint Motion to Stay Discovery, Pretrial Disclosures, and Other Deadlines, and for Protective Order, Pending Ruling on Their Joint Motion to Compel Arbitration, and their Alternative Motion to Transfer Venue and Motion to Dismiss [ECF No. 65], and state as follows:

### I.     INTRODUCTION

The Court should stay discovery (other than as to the limited issue of arbitrability), pretrial disclosures, and other deadlines, until the Court has ruled on Defendants' Joint Motion to Compel Arbitration [ECF No. 62]. The Joint Motion to Compel Arbitration is meritorious, case dispositive, and was filed in good faith. Indeed, the parties stipulated to a stay of pretrial disclosures and Plaintiffs agreed to presently pursue only discovery related to the issue of arbitration. Defendants have fully complied with the parties' stipulation. Defendants produced all documents in their possession, custody or control that relate to the issue of arbitrability, and Defendants have agreed to produce for deposition the two people who signed Declarations in support of Defendants' Joint Motion to Compel Arbitration

[ECF No. 62]. Accordingly, Plaintiffs' argument that Defendants' are refusing to engage in discovery on the issue of arbitrability is erroneous and moot.

Even if the Court does not grant Defendants' Joint Motion to Compel Arbitration, there is still good cause and it is reasonable for this Court to stay discovery, pretrial disclosures, and other deadlines until it has ruled on Defendants' alternative Joint Motion to Transfer [ECF No. 63] and Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF 68, 70]. The Motion to Dismiss is based in part on releases that cover four Plaintiffs in this case; Defendants should not be compelled to respond to discovery from Plaintiffs who have released their claims. The Motions to Dismiss are case dispositive, and the Motion to Transfer relates to which forum will preside over the parties' disputes, and rule over procedural matters such as discovery, in the absence of arbitration.

The Court should consider where this case will stand after it has ruled on all three of the preliminary Motions. Indeed, the propriety and scope of discovery, if any, will necessarily be determined by the Court's rulings all of those Motions. Anything more than limited discovery as to the issue of arbitrability is therefore premature at this time.

## II. ARGUMENT

### A. Defendants demonstrated that a stay is appropriate pending a ruling on Defendants' Joint Motion to Compel Arbitration.

#### 1. The Joint Motion to Compel Arbitration was filed in good faith and is meritorious.

In their Response in Opposition to Motion to Stay and for Protective Order [ECF No. 72], Plaintiffs fail to address the case law holding that courts routinely stay merits discovery where a motion to compel arbitration has been filed in good faith. [ECF No. 65 at 7]. Instead, Plaintiffs argue incorrectly that the Joint Motion to Compel Arbitration lacks merit because Defendants allegedly "admitted that the claims of four of the eight named Plaintiffs are not arbitrable." [ECF No. 72 at 3]. Plaintiffs mischaracterize the quote from the Herbalife Defendants' Reply in Support of Final Approval of Class Action Settlement in *Bostick v. Herbalife Int'l of America, Inc.* [ECF No. 72-2] regarding the arbitration provisions (the "Arbitration Provisions") that are now contained in its distributorship agreements (the "Distributorship Agreements") and Rules of Conduct (the "Rules").

The *Bostick* case was filed on April 8, 2013, at a time when neither Herbalife's Distributorship Agreements nor its Rules contained an Arbitration Provision. [ECF No. 67-1 at 1]. Arbitration Provisions were added to Herbalife's Distributorship Agreements and Rules several months after the *Bostick* case commenced and after the parties in that case had engaged in motion practice. [ECF No 62 at 4]. The objectors in *Bostick* contended, erroneously, that to the extent Herbalife sought to enforce the new Arbitration Provisions retroactively against Distributors who joined Herbalife prior to the inclusion of the Arbitration Provisions, then no Herbalife Distributors could be part of a settlement class or have standing to represent such a class in litigation. Herbalife responded in *Bostick* that it did not seek to enforce the Arbitration Provisions *retroactively* against Distributors whose claims were *first asserted before* the Arbitration Provisions went into effect. The *prospective* enforcement of the Arbitration Provisions with respect to claims *first asserted after* the provisions were added to the Distributorship Agreements and the Rules was never an issue in *Bostick*. Nothing about the settlement in *Bostick* suggests that Herbalife has waived its right to seek enforcement of arbitration provisions in lawsuits filed *after* the inclusion of the Arbitration Provisions in the parties' contracts and the Rules. In fact, Defendants did not waive their rights to arbitrate. The relief sought in Defendants' Joint Motion to Compel Arbitration is therefore not inconsistent with any position taken in *Bostick*.

Plaintiffs further contend, without support, that the Arbitration Provisions are unconscionable and lack mutuality. As noted in Defendants' Joint Motion to Compel Arbitration, the Arbitration Provisions apply equally to Defendants and the Distributor, require Herbalife to pay arbitration fees, require Herbalife to pay the Distributor's attorneys' fees (if the Distributor prevails), require hearings in the Distributor's own county, and do not apply to claims that accrued before the Arbitration Provisions went into effect. [ECF No. 62 at 12]. Under controlling California law, the arbitration provisions are *per se not* unconscionable. *See, e.g., Pinnacle Museum Tower Assn. v. Pinnacle Market Dev. (US), LLC*, 282 P.3d 1232-33 (2012) (explaining that unconscionability requires both procedural unconscionability ("oppression or surprise") and substantive unconscionability (terms that are "so one-sided as to shock the conscience")); *Peleg v. Neiman Marcus Grp., Inc.*, 204 Cal.App.4th 1425, 1465, 140 Cal.Rptr.3d 38, 68 (2012) ("An arbitration agreement that

expressly exempts all claims, accrued or known, from contract changes is valid and enforceable . . . .").

As also noted in the Joint Motion to Compel Arbitration, "[t]here is a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Consequently, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Id.* at 24-25. The Federal Arbitration Act ("FAA"), which governs the arbitration provisions, "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). This conclusion applies equally to Plaintiffs Jeff Rodgers and Michael Lavigne, even though they are not express signatories to a Distributor Agreement, because they are the spouses of Distributors (Plaintiffs Patricia Rodgers and Jennifer Lavigne) and are indisputably bound by the Rules and the Arbitration Provisions. [ECF No. 62-2 at 12 n.13; Exh. G §§ 2.1.5, 2.1.7; Exh. H §§ 2.1.5, 2.1.7]. Beyond the Rules, Plaintiffs Patricia Rodgers and Jennifer Lavigne's Distributor Agreements expressly extend numerous provisions to their spouses. [ECF No. 62-2 at Exh. A §§ 2, 8(a)-(b); Exh. B §§ (A)(2), (D)(6)].

Even if the Distributor Agreements did not expressly extend to Distributors' spouses, any argument that Distributors' spouses are not bound by the agreement to arbitrate would not be well-founded. Under California law, a non-signatory to an arbitration agreement is compelled to arbitrate under either of the following circumstances: "(1) where the non-signatory is a third-party beneficiary of the contract containing the arbitration agreement; and (2) where a preexisting relationship existed between the non-signatory and one of the parties to the arbitration agreement, making it equitable to compel the non-signatory to also be bound to arbitrate his or her claim." *Crowley Maritime Corp. v. Boston Old Colony Ins. Co.*, 158 Cal.App.4th 1061, 1069-70, 70 Cal.Rptr.3d 605, 611 (2008). Plaintiffs Jeff Rodgers and Michael Lavigne are both third-party beneficiaries of their wives' Distributorship Agreements, and they obviously have preexisting relationships with the signatories—their wives.

Plaintiffs concede that "the question of arbitrability is decided by the court *absent clear and unmistakable language to the contrary.*" [ECF No. 72 at 5 (emphasis added)]. As

discussed in Defendants' Joint Motion to Compel Arbitration [ECF 62], the Arbitration Provisions *do* contain clear and unmistakable language to the contrary. Indeed, the Arbitration Provisions expressly provide that "*the arbitrator shall determine the scope and enforceability of this Arbitration Agreement and the arbitrability of any disputes.*" [ECF No. 62-2 at Exh. G § 12.7 (emphasis added); *see also, Id.* at Exh. I § 12(1)(b) ("The arbitrator shall also have exclusive authority to the extent permitted by law to decide the arbitrability of any claim or dispute between Member and Herbalife.")]. Furthermore, the Arbitration Provisions are "governed by the Commercial Arbitration Rules ("AAA Rules") of the American Arbitration Association ("AAA")." [ECF No. 62-2 at Exh. H § 12.4; Exh. I § 12(1)(c)]. The AAA Rules empower the arbitrator to decide matters relating to the arbitrator's jurisdiction and require that the arbitrator, not the Court, decide issues of arbitrability. *See* Rule 7 (titled "Jurisdiction") of the AAA Rules.

Plaintiffs also argue incorrectly that their "claims are unrelated to the distributor agreements containing the arbitration provisions Defendants seek to enforce." [ECF No. 72 at 4]. To the contrary, Defendants demonstrate in the Joint Motion to Compel Arbitration that *the Arbitration Provisions are very broad* and require arbitration of "*all* disputes and claims between the parties" (with two exceptions that have no application here). [ECF No. 62-2 at Exh. G § 12.3; Exh. H § 12(1)-(2) (emphasis added)]; *Anders v. Hometown Mortg. Servs., Inc.*, 346 F.3d 1024, 1028 (11th Cir. 2003) (holding that an arbitration provision that covers "any" or "all" disputes "could not have been broader"). These broad provisions also cover disputes or claims arising out of or relating to a Distributor's relationship with other Distributors. *Id.* There is no credible argument that Plaintiffs' claims against Herbalife, which arise entirely out of their status as Distributors attending Herbalife events to pursue the Herbalife business opportunity, fall outside of the scope of the Arbitration Provisions.

Plaintiffs have done nothing more than assert a litany of frail arguments that are generally raised and rejected whenever parties to an arbitration clause seek to avoid its clear terms. Plaintiffs have not provided any grounds, as none exist, to allow them to conduct discovery on a class-wide basis in this case that they will not be entitled to pursue (and will be found to have contractually agreed not to pursue) if the Motion to Compel is granted.

### 2. Defendants have provided discovery on the issue of arbitrability.

Defendants have not refused to engage in discovery limited to the issue of arbitration. [ECF No. 72 at 5]. Although Defendants *initially* objected to Plaintiffs' Request for Production of Documents based on concerns that Plaintiffs would argue a waiver of the right to arbitrate,[1] on December 21, 2017 the parties reached a stipulation—without waiver of Defendants' arguments that this case must be arbitrated—that they would engage in limited discovery regarding the issue of arbitrability and that pretrial disclosures would be stayed pending the Court's review of Defendants' pending Motions.[2] Pursuant to the parties' stipulation, Defendants have already produced all documents in their possession, custody or control that relate to the issue of arbitrability. Furthermore, Defendants agreed to limited depositions of the two declarants who provided Declarations in support of the Joint Motion to Compel Arbitration, and the Plaintiffs are deposing those declarants in the coming days.[3] Accordingly, granting the Joint Motion to Stay will in no way impede Plaintiffs' ability to respond to the pending Motions.

---

[1] Defendants raised this concern in their Joint Motion to Stay. [ECF No 65 at n. 4].

[2] Plaintiffs state, in passing, that "the stay Defendants seek is not simply a matter of 30, or even 60 days. The stay would span a significant time period while Defendants' pending motions are briefed and resolved. [ECF No. 72 at 2]. Plaintiffs fail to inform the Court, however, that it was Plaintiffs themselves who requested and obtained this extended briefing period. Plaintiffs also agreed to the parties' stipulation described above with full knowledge of the briefing schedule. This seems to be the only "prejudice" Plaintiffs argue they will incur if the Joint Motion to Stay is granted. In contrast, there are dozens of Defendants, and legions of documents and people with respect to which Plaintiffs might contend they require discovery. The expense to Defendants will be enormous if they are subjected to this unnecessary and costly discovery before the pending Motions have been resolved. In contrast, if the Court ultimately rules against Defendants, Plaintiffs can pursue appropriate and necessary discovery at that time.

[3] Even these depositions are unnecessary. The declarants essentially authenticated the documents filed with Defendants' Joint Motion to Compel Arbitration. [ECF No. 62-2]. As a showing of good faith, however, Defendants agreed to allow Plaintiffs to depose the declarants, limited to the issues raised in their declarations and the Arbitration Provisions.

### 3. The delegation provision in the Arbitration Provisions supports a stay of "merits" discovery and pretrial disclosures.

Plaintiffs' argument that "the delegation provision within the arbitration clause only applies to the extent the arbitration clause does" [ECF No. 72 at 6] is circular. For the reasons presented at length in Defendants' Joint Motion to Compel Arbitration [ECF No. 62], the Arbitration Provisions are enforceable, and so is the delegation clause. As noted above and in Defendants' Joint Motion to Compel Arbitration, it is for the arbitrator to determine whether this dispute must be arbitrated, and which of the Plaintiffs are subject to arbitration. *Id.* Likewise, the arbitrator, not the Court, is empowered by the Arbitration Provisions to determine the scope of discovery. *Id.* In any event, these are issues that should and will be decided with the Motion to Compel Arbitration.

### 4. Defendants are entitled to a stay of discovery and a protective order as to discovery that exceeds the limited issue of arbitrability.

In arguing that Defendants are not entitled to a stay of discovery or a protective order, Plaintiffs contend that Defendants do not reference specific discovery requests or objections and have therefore not met their burden. [ECF No. 72 at 7]. Plaintiffs' argument is misplaced and moot. As set forth above, after they filed the Joint Motion to Stay [ECF No. 65], the parties stipulated that they would engage in limited discovery on the issue of arbitrability, and that the obligations to make pretrial disclosures would be stayed pending the Court's review of Defendants' Motions. Defendants then promptly produced all remaining documents (the bulk of Defendants' documents were already filed with their Joint Motion to Compel Arbitration [ECF No. 62-2]) related to the issue of arbitrability, and agreed to limited depositions of the witnesses who submitted Declarations in support of Defendants' Joint Motion to Compel Arbitration. There are no outstanding issues with respect to pending discovery.

The only objections Defendants raised in response to Plaintiff's Requests for Production of Documents related to aspects of the requests that exceed the limited issue of arbitrability. Read broadly, Plaintiffs' discovery requests go beyond the scope of discovery the Plaintiffs themselves concede they are restricted to conducting. [ECF No. 72 at 1, 5]. But, as noted above, this has been rendered moot given the parties' stipulation to limit discovery to the issue of arbitrability, with which Defendants have complied fully. Plaintiffs

apparently seek, however, to turn the limited nature of the discovery on its head in an effort to get full "merits" discovery, by implying that they cannot trust that Defendants actually produced all responsive documents that relate to the issue of arbitrability. Plaintiffs' arguments are incorrect and inconsistent with the manner in which discovery must be conducted under the facts of this case.

As set forth in Defendants' Joint Motion to Stay, courts may stay discovery pursuant to their ability to issue protective orders under Fed. R. Civ. P. 26(c) where good cause and reasonableness have been shown. [ECF No. 65 at 4]. "Good cause" exists for a stay when, as here, a motion to compel arbitration has been filed in good faith. *Id.* at 7. Good cause is also present where a potentially case dispositive motion to dismiss is pending. *See, e.g., Varga v. Palm Beach Capital Mgmt., LLC*, No. 09-cv-82398, 2010 WL 8510622, at *1 (S.D. Fla. Sept. 3, 2010); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003); *Gill-Samuel v. Nova Biomedical Corp.*, No. 13-cv-62591, 2014 WL 11762719, at *1 (S.D. Fla. Feb. 18, 2014). A stay is also "reasonable" where discovery may be "expansive" and relate to a putative class consisting of legions of potential class members. *See, e.g., Pierce v. State Farm Mut. Ins. Co.*, 2014 WL 12528362 at *1 (S.D. Fla. Dec. 10, 2014). Furthermore, a stay of discovery is reasonable to avoid unnecessary expenses for the defendant. *Id.*

As discussed in the case law Defendants cite in the Joint Motion to Stay, the concept of a stay is more comprehensive than an isolated discovery dispute. [ECF No. 65 at 5-6]. Thus, contrary to Plaintiffs' argument, the Joint Motion to Stay is neither subject to, nor in violation of, the Magistrate Judge's Discovery Order. [ECF No. 72 at n. 3; ECF No. 31].

### B. Defendants are entitled to a stay in the event the Court denies the Joint Motion to Compel Arbitration, and must then consider Defendants' Joint Motion to Transfer Venue and Defendants' Motions to Dismiss.

In considering whether a stay is appropriate here, the Court should also take a "preliminary peek" at the merits of the Motions to Dismiss, as required by the case law regarding the court's consideration of a stay pending a case dispositive motion. [ECF No. 72 at 8]. The Honorable Marcia Cooke analyzed these very issues in *Dayem v. Chavez*, 2014 WL 12588513, *1 (S.D. Fla. 2014), which is discussed at length in Defendants' Joint Motion to Stay. [ECF No. 62 at 4-5]. There is nothing about such a peek that contravenes the concept of arbitration. Defendants filed their Motions to Dismiss as "backup motions"

*in the alternative and subject to* their Joint Motion to Compel Arbitration. Defendants had the obligation to timely raise their Rule 12(b)(6) arguments, subject to and without waiving their rights to arbitrate. Defendants also filed their Motion to Transfer so that it would be timely in the event the Court does not compel arbitration. "Merits" discovery will ultimately be appropriate only if the Court denies all three pending Motions, and the case proceeds in this district.

"Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Chudasama v. Mazda Motor Corp.*, 123 F. 3d 1353, 1367 (11th Cir. 1997); *see also, Gill-Samuel*, 2014 WL 11762719 at *1 (where the court stayed discovery pending resolution of the defendants' motion to dismiss a class action action complaint). Courts have also imposed stays of discovery pending resolution of motions to transfer venue. *See, e.g., Chudasama*, 123 F. 3d at 1367 (*citing McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 31 (3d Cir.1970) (directing district court to consider and rule on motion to transfer before discovery on the merits of the case)[4]); *Varga*, 2010 WL 8510622 at *1.

Plaintiffs argue incorrectly that the Defendants' Motions to Dismiss are not case dispositive. [ECF No. 72 at 8]. Four of the named Plaintiffs (Patricia Rodgers, Jeff Rodgers, Izaar Valdez, and Felix Valdez) were settlement class members in *Bostick*. They are all subject to the broad release in *Bostick*, which, among other things, precludes them from bringing claims premised on allegations that Herbalife engaged in "false and/or misleading advertising" or that Herbalife operated a "fraudulent scheme." The Rodgers and Valdez Plaintiffs' claims fall squarely within the scope of the *Bostick* release, and are therefore barred. Further, if and to the extent that any of the Rodgers and Valdez Plaintiffs' claims survive the *Bostick* release, the claims brought by all eight named Plaintiffs are subject to mandatory arbitration. [ECF No. 62]. *All* of the Plaintiffs' claims are barred for the additional reasons discussed in the Defendants' Motions to Dismiss [ECF Nos. 68 and 70].

---

[4] Limited discovery as the transfer of venue issue would only become appropriate, if at all, if and when the Court denies Defendants' Joint Motion to Compel Arbitration.

Because there are dozens of Defendants, an untold number of purported witnesses, countless pages of documents and many supposed potential class members, the burden that will be imposed on Defendants if discovery is not stayed is enormous. On the other hand, Plaintiffs will not suffer any prejudice if a stay is entered pending resolution of the pending Motions. Indeed, Defendants have already provided all discovery that Plaintiffs require to respond to those Motions.

In the event that this case is not sent to arbitration, a "preliminary peek" at the Motion to Dismiss will show that Defendants' arguments are case dispositive, and that the Complaint may be dismissed with prejudice. In addition, to the extent any court has the ability to consider the issues in this case, that court should be the District Court for the Central District of California, for the reasons set forth in the Defendants' Joint Motion to Transfer Venue. [ECF No. 63]. The District Court for the Central District of California would then also consider the appropriate time and scope, if any, of discovery in this case.

It behooves this Court to consider where this case will stand once the preliminary Motions are all decided because the outcome of all of those Motions may influence the scope and sequence of discovery. For example, it would make for a very narrow and arguably unsustainable class claim if the only Plaintiff to survive the pending Motions is a disgruntled non-member spouse of another member. The Court might then decide not to allow full merits discovery before considering the viability of the class. Or the Court might stay that claim pending the outcome of arbitration as to the other claims. "Merits" discovery is therefore premature and Defendants' Joint Motion to Stay [ECF No. 65] should be granted.

### III. CONCLUSION

Defendants respectfully urge the Court to enter an Order staying discovery, pretrial disclosures, and all other deadlines in this case unrelated to the subject Motions, pending rulings on Defendants' Joint Motion to Compel Arbitration [ECF No. 62], and if necessary and in the alternative, Defendants' Joint Motion to Transfer Venue [ECF No. 63] and Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF Nos. 68 and 70]; and to enter such other and further relief as the Court deems just and proper.

Case No. 17-23429-Civ-COOKE/GOODMAN

Respectfully submitted,

**KLUGER, KAPLAN, SILVERMAN, KATZEN & LEVINE, P.L.**
*Co-Counsel for Herbalife Defendants*
201 S. Biscayne Blvd.
Twenty Seventh Floor
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428

By: */s/ Todd A. Levine*
**STEVE I. SILVERMAN**
Fla. Bar No. 516831
ssilverman@klugerkaplan.com
**TODD A. LEVINE**
Fla. Bar No. 899119
tlevine@klugerkaplan.co
**ERIN E. BOHANNON**
Fla. Bar No. 90912
ebohannon@klugerkaplan.com

**BIRD MARELLA BOXER NESSIM DROOKS LINCENBERG & RHOW, P.C.**
*Co-Counsel for Herbalife Defendants*
1875 Century Park East
Suite 2300
Los Angeles, CA 90067
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

By: */s/ Mark T. Drooks*
**MARK T. DROOKS**
*Admitted Pro Hac Vice*
mdrooks@birdmarella.com
**PAUL S. CHAN**
*Admitted Pro Hac Vice*
pchan@birdmarella.com
**GOPI K. PANCHAPAKESAN**
*Admitted Pro Hac Vice*

and

11

**QUARLES & BRADY, LLP**
*Attorneys for Individual Defendants*
101 E. Kennedy Boulevard, Suite 3400
Tampa, FL 33602
Telephone: (813) 387-0300
Facsimile: (813) 387-1800

By:*/s/ S. Douglas Knox*
**S. DOUGLAS KNOX**
Florida Bar No. 849871
Douglas.Knox@quarles.com
**ZACHARY S. FOSTER**
Florida Bar No. 111980
Zachary.Foster@quarles.com
**QUARLES & BRADY, LLP**
*Attorneys for Individual Defendants*
Two North Central Avenue
Phoenix, AZ 85004
Telephone: (602) 229-5200
Facsimile: (602) 229-5690
**KEVIN D. QUIGLEY**
Arizona Bar No. 015972
*Admitted Pro Hac Vice*
Kevin.Quigley@quarles.com
**EDWARD SALANGA**
Arizona Bar No. 020654
*Admitted Pro Hac Vice*
Edward.Salanga@quarles.com
**BRIAN A. HOWIE**
Arizona Bar No. 026021
*Admitted Pro Hac Vice*
Brian.Howie@quarles.com
**MICHAEL S. CATLETT**
Arizona Bar No. 025238
*Admitted Pro Hac Vice*
Michael.Catlett@quarles.com

Case No. 17-23429-Civ-COOKE/GOODMAN

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 12, 2018, a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF and served on Etan Mark, Esq., Donald J. Hayden, Esq., and Lara O'Donnell Grillo, Esq. *Attorneys for Plaintiffs*, MARK MIGDAL & HAYDEN, 80 S.W. 8th Street, Suite 1999, Miami, FL, 33130 via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Todd A. Levine*
Todd A. Levine, Esq.