UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-23429-CIV-COOKE/GOODMAN

JEFF RODGERS, et. al., individually
and on behalf of all others similarly
situated,

Plaintiffs,

vs.

HERBALIFE, LTD., HERBALIFE
INTERNATIONAL, INC., et. al.,

    Defendants.
_____/

**ORDER GRANTING IN PART DEFENDANTS' MOTION TO COMPEL
ARBITRATION AND MOTIONS TO TRANSFER VENUE
TO THE CENTRAL DISTRICT OF CALIFORNIA**

    THIS MATTER comes before me on Defendants' Motion to Compel Arbitration (ECF No. 62) and Motion to Transfer Venue to the Central District of California. I have reviewed Defendants' Motions, the record, the relevant legal authorities, and the arguments made by the parties at the Motions Hearing on August 22, 2018.

    For the reasons stated at the Motions Hearing, it is hereby **ORDERED and ADJUDGED** that Defendants' Motions are **GRANTED** *in part* as follows:

- The 2016 Rules of Conduct are limited by the implied covenant of good faith and fair dealing and the Court declines to retroactively apply the arbitration provision in the 2016 Rules. However, because certain Plaintiffs signed a Distributor Agreement with a valid arbitration clause, Defendant's Motion to Compel Arbitration is **GRANTED** as to claims against Herbalife Defendants[1] made by Plaintiffs Jen Lavigne, Michael Lavigne, Cody Pyle, and Felix Valdez. The Motion to Compel Arbitration is **DENIED** in all other respects.

---

[1] For the avoidance of doubt, "Herbalife Defendants" refers to Herbalife Ltd., Herbalife International of America, Inc., and Herbalife International Inc. The Court refers to all other Defendants as the "Individual Defendants."

- The balance of the §1404(a) factors weighs in Plaintiffs' favor and the Court declines to disregard Plaintiffs' choice of venue. However, because certain Plaintiffs signed a Distributor Agreement with a valid forum selection clause, Defendants' Motion to Transfer Venue is **GRANTED** as to claims against Herbalife Defendants made by Plaintiffs Jen Ribalta, Patricia Rodgers, Jeff Rodgers and Izaar Valdez. The Motion to Transfer Venue is **DENIED** in all other respects.
- The Clerk shall **SEVER** this case into two parts:
    - The first part consists of all Plaintiffs' claims against all Individual Defendants. This part shall remain open in the Southern District of Florida.
    - The second part consists of Plaintiffs Jen Ribalta, Patricia Rodgers, Jeff Rodgers and Izaar Valdez and Defendants Herbalife Ltd., Herbalife International of America, Inc., and Herbalife International Inc. The Clerk shall **TRANSFER** this second part to the Central District of California and **TERMINATE** Defendants Herbalife Ltd., Herbalife International of America, Inc., and Herbalife International Inc. from this action in the Southern District of Florida.
- The Court **DENIES** *as moot* all pending motions involving the Herbalife Defendants.
- The Court lifts the stay issued in this Court's April 16, 2018 Order (ECF No. 94).
- Plaintiffs shall respond to Individual Defendants' Motion to Dismiss (ECF No. 68) by September 14, 2018. Individual Defendants shall file a Reply by September 28, 2018.

**DONE and ORDERED** in chambers at Miami, Florida, this 23rd day of August 2018.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*