Paul A. Levin – State Bar No. 229077
  plevin@themrlg.com
MORTGAGE RECOVERY LAW GROUP LLP
700 North Brand Boulevard, Suite 830
Glendale, California 91203
Telephone: (818) 630-7900 / Fax: (818) 630-7920

Etan Mark *(admitted pro hac vice)*
  etan@markmigdal.com
Donald J. Hayden *(admitted pro hac vice)*
  don@markmigdal.com
MARK MIGDAL & HAYDEN
80 SW 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

Attorneys for Plaintiffs

Mark T. Drooks – State Bar No. 123561
  mdrooks@birdmarella.com
Paul S. Chan – State Bar No. 183406
  pchan@birdmarella.com
Gopi K. Panchapakesan – State Bar No. 279586
  gpanchapakesan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants Herbalife
Nutrition Ltd. (fka Herbalife Ltd.),
Herbalife International, Inc., and Herbalife
International of America, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL LAVIGNE, *et al.*, | CASE NO. 2:18-cv-07480-JAK (MRWx) |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| vs. | Magistrate Judge Michael R. Wilner |
| HERBALIFE LTD., *et al.*, | |
| Defendants. | |

3569407.1

1.    INTRODUCTION

    1.1    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, Plaintiffs and Defendants Herbalife Nutrition Ltd. (fka Herbalife Ltd.), Herbalife International, Inc., and Herbalife International of America, Inc. (collectively, "Herbalife") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    1.2    GOOD CAUSE STATEMENT

This putative class action involves claims arising out of Plaintiffs' attendance at Herbalife events and alleged misrepresentations about the nature of Herbalife's business opportunity made at those events.  Plaintiffs have propounded discovery requests that seek, among other things, video and audio recordings of Herbalife events, minutes from meetings of Herbalife's Board of Directors regarding events, fees paid to Herbalife distributors to speak at events, documents reflecting event attendance records, documents reflecting membership in certain business committees, tax and bank account information, and communications discussing Herbalife's events.  Notwithstanding Herbalife's objections to the production of much of this material, Herbalife asserts that such materials consist of, among other

1  things, information regarding confidential business strategies and policies; sensitive
2  financial information; information implicating the privacy rights of third parties;
3  and/or information which may be privileged or otherwise protected from disclosure
4  under state or federal statutes, court rules, case decisions, or common law.  Nothing
5  in this Good Cause Statement or Stipulated Protective Order shall be construed as an
6  agreement by Plaintiffs that any specific documents or categories of documents are
7  properly considered "Confidential Information" as defined herein.

8          It is the intent of the parties that information will not be designated as
9  confidential for tactical reasons and that nothing be so designated without a good
10  faith belief that it has been maintained in a confidential, non-public manner.  It also
11  is the intent of the parties that information will not be designated as confidential
12  unless there is good cause as to why such information should not be part of the
13  public record of this case.

14          2.     DEFINITIONS

15          2.1     Action:  The above-captioned action styled as *Michael Lavigne,*
16  *et al. v. Herbalife Ltd.*, Case No. 2:18-cv-07480-JAK (C.D. Cal.).

17          2.2     Challenging Party:  A Party or Non-Party that challenges the
18  designation of information or items under this Order.

19          2.3     "CONFIDENTIAL" Information or Items:  Information
20  (regardless of how it is generated, stored or maintained) or tangible things that
21  qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified
22  above in the Good Cause Statement.

23          2.4     Counsel:  Outside Counsel of Record and House Counsel (as
24  well as their support staff).

25          2.5     Designating Party:  A Party or Non-Party that designates
26  information or items that it produces in disclosures or in responses to discovery as
27  "CONFIDENTIAL."

28          2.6     Disclosure or Discovery Material:  All items or information,

regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel:  Attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection:  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

1 purpose (*e.g.*, to unnecessarily encumber the case development process or to impose

2 unnecessary expenses and burdens on other parties) may expose the Designating

3 Party to sanctions.

4        If it comes to a Designating Party's attention that information or items that it

5 designated for protection do not qualify for protection, that Designating Party must

6 promptly notify all other Parties that it is withdrawing the inapplicable designation.

7        5.2    Manner and Timing of Designations.  Except as otherwise

8 provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as

9 otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

10 protection under this Order must be clearly so designated before the material is

11 disclosed or produced.

12        Designation in conformity with this Order requires:

13        (a)    for information in documentary form (*e.g.*, paper or electronic

14 documents, but excluding transcripts of depositions or other pretrial or trial

15 proceedings), that the Producing Party affix at a minimum, the legend

16 "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that

17 contains protected material. If only a portion or portions of the material on a page

18 qualifies for protection, the Producing Party also must clearly identify the protected

19 portion(s) (*e.g.*, by making appropriate markings in the margins).

20        A Party or Non-Party that makes original documents available for inspection

21 need not designate them for protection until after the inspecting Party has indicated

22 which documents it would like copied and produced. During the inspection and

23 before the designation, all of the material made available for inspection will be

24 deemed "CONFIDENTIAL." After the inspecting Party has identified the

25 documents it wants copied and produced, the Producing Party must determine which

26 documents, or portions thereof, qualify for protection under this Order. Then, before

27 producing the specified documents, the Producing Party must affix the

28 "CONFIDENTIAL legend" to each page that contains Protected Material.

1    If only a portion or portions of the material on a page qualifies for protection,
2  the Producing Party also must clearly identify the protected portion(s) (e.g., by
3  making appropriate markings in the margins).

4    (b)    for testimony given in depositions that the Designating Party identify
5  the Disclosure or Discovery Material on the record, before the close of the
6  deposition all protected testimony.

7    (c)    for information produced in some form other than documentary and for
8  any other tangible items, that the Producing Party affix in a prominent place on the
9  exterior of the container or containers in which the information is stored the legend
10  "CONFIDENTIAL." If only a portion or portions of the information warrants
11  protection, the Producing Party, to the extent practicable, will identify the protected
12  portion(s).

13    5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an
14  inadvertent failure to designate qualified information or items does not, standing
15  alone, waive the Designating Party's right to secure protection under this Order for
16  such material.  Upon timely correction of a designation, the Receiving Party must
17  make reasonable efforts to assure that the material is treated in accordance with the
18  provisions of this Order.

19    6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

20    6.1    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge
21  a designation of confidentiality at any time that is consistent with the Court's
22  Scheduling Order.

23    6.2    <u>Meet and Confer</u>. The Challenging Party will initiate the dispute
24  resolution process (and, if necessary, file a discovery motion) under Local
25  Rule 37.1, *et seq.*

26    6.3    The burden of persuasion in any such challenge proceeding will
27  be on the Designating Party.  Frivolous challenges, and those made for an improper
28  purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other

1  parties) may expose the Challenging Party to sanctions.  Unless the Designating

2  Party has waived or withdrawn the confidentiality designation, all parties will

3  continue to afford the material in question the level of protection to which it is

4  entitled under the Producing Party's designation until the Court rules on the

5  challenge.

6       7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7            7.1    Basic Principles.  A Receiving Party may use Protected Material

8  that is disclosed or produced by another Party or by a Non-Party in connection with

9  this Action only for prosecuting, defending, or attempting to settle this Action.  Such

10  Protected Material may be disclosed only to the categories of persons and under the

11  conditions described in this Order.  When the Action has been terminated,

12  a Receiving Party must comply with the provisions of section 13 below (FINAL

13  DISPOSITION).

14       Protected Material must be stored and maintained by a Receiving Party at

15  a location and in a secure manner that ensures that access is limited to the persons

16  authorized under this Order.

17            7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

18  otherwise ordered by the court or permitted in writing by the Designating Party,

19  a Receiving Party may disclose any information or item designated

20  "CONFIDENTIAL" only to:

21            (a)    the Receiving Party's Outside Counsel of Record in this

22  Action, as well as employees of said Outside Counsel of Record to whom it is

23  reasonably necessary to disclose the information for this Action;

24            (b)    the officers, directors, and employees (including House

25  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

26  Action;

27            (c)    Experts (as defined in this Order) of the Receiving Party to

28  whom disclosure is reasonably necessary for this Action and who have signed the

3569407.1

8

1 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2         (d)    the Court and its personnel;

3         (e)    court reporters and their staff;

4         (f)    professional jury or trial consultants, mock jurors, and

5 Professional Vendors to whom disclosure is reasonably necessary for this Action

6 and who have signed the "Acknowledgment and Agreement to Be Bound"

7 (Exhibit A);

8         (g)    the author or recipient of a document containing the

9 information or a custodian or other person who otherwise possessed or knew the

10 information;

11         (h)    during their depositions, witnesses, and attorneys for

12 witnesses, in the Action to whom disclosure is reasonably necessary provided:

13 (1) the deposing party requests that the witness sign the form attached as Exhibit A

14 hereto; and (2) they will not be permitted to keep any confidential information

15 unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

16 unless otherwise agreed by the Designating Party or ordered by the court. Pages of

17 transcribed deposition testimony or exhibits to depositions that reveal Protected

18 Material may be separately bound by the court reporter and may not be disclosed to

19 anyone except as permitted under this Stipulated Protective Order; and

20         (i)    any mediator or settlement officer, and their supporting

21 personnel, mutually agreed upon by any of the parties engaged in settlement

22 discussions.

23     8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>

24         <u>PRODUCED IN OTHER LITIGATION</u>

25     If a Party is served with a subpoena or a court order issued in other litigation

26 that compels disclosure of any information or items designated in this Action as

27 "CONFIDENTIAL," that Party must:

28         (a)    promptly notify in writing the Designating Party. Such

1   notification will include a copy of the subpoena or court order;

2         (b)    promptly notify in writing the party who caused the subpoena or

3   order to issue in the other litigation that some or all of the material covered by the

4   subpoena or order is subject to this Protective Order. Such notification will include a

5   copy of this Stipulated Protective Order; and

6         (c)    cooperate with respect to all reasonable procedures sought to be

7   pursued by the Designating Party whose Protected Material may be affected.

8       If the Designating Party timely seeks a protective order, the Party served with

9   the subpoena or court order will not produce any information designated in this

10   action as "CONFIDENTIAL" before a determination by the court from which the

11   subpoena or order issued, unless the Party has obtained the Designating Party's

12   permission.  The Designating Party will bear the burden and expense of seeking

13   protection in that court of its confidential material and nothing in these provisions

14   should be construed as authorizing or encouraging a Receiving Party in this Action

15   to disobey a lawful directive from another court.

16       9.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>

17             <u>PRODUCED IN THIS LITIGATION</u>

18         (a)    The terms of this Order are applicable to information produced

19   by a Non-Party in this Action and designated as "CONFIDENTIAL."  Such

20   information produced by Non-Parties in connection with this litigation is protected

21   by the remedies and relief provided by this Order.  Nothing in these provisions

22   should be construed as prohibiting a Non-Party from seeking additional protections.

23         (b)    In the event that a Party is required, by a valid discovery request,

24   to produce a Non-Party's confidential information in its possession, and the Party is

25   subject to an agreement with the Non-Party not to produce the Non-Party's

26   confidential information, then the Party will:

27            (1)    promptly notify in writing the Requesting Party and the

28   Non-Party that some or all of the information requested is subject to

1  a confidentiality agreement with a Non-Party;

2              (2)    promptly provide the Non-Party with a copy of the

3  Stipulated Protective Order in this Action, the relevant discovery request(s), and

4  a reasonably specific description of the information requested; and

5              (3)    make the information requested available for inspection by

6  the Non-Party, if requested.

7              (c)    If the Non-Party fails to seek a protective order from this court

8  within 14 days of receiving the notice and accompanying information, the Receiving

9  Party may produce the Non-Party's confidential information responsive to the

10  discovery request. If the Non-Party timely seeks a protective order, the Receiving

11  Party will not produce any information in its possession or control that is subject to

12  the confidentiality agreement with the Non-Party before a determination by the

13  court.  Absent a court order to the contrary, the Non-Party will bear the burden and

14  expense of seeking protection in this court of its Protected Material.

15         10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

16       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

17  Protected Material to any person or in any circumstance not authorized under this

18  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

19  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

20  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

21  persons to whom unauthorized disclosures were made of all the terms of this Order,

22  and (d) request such person or persons to execute the "Acknowledgment and

23  Agreement to Be Bound" that is attached hereto as Exhibit A.

24         11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR</u>

25                     <u>OTHERWISE PROTECTED MATERIAL</u>

26       When a Producing Party gives notice to Receiving Parties that certain

27  inadvertently produced material is subject to a claim of privilege or other protection,

28  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

1  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever

2  procedure may be established in an e-discovery order that provides for production

3  without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and

4  (e), insofar as the parties reach an agreement on the effect of disclosure of

5  a communication or information covered by the attorney-client privilege or work

6  product protection, the parties may incorporate their agreement in the stipulated

7  protective order submitted to the court.

8       12.   MISCELLANEOUS

9            12.1   Right to Further Relief.  Nothing in this Order abridges the right

10  of any person to seek its modification by the Court in the future.

11            12.2   Right to Assert Other Objections.  By stipulating to the entry of

12  this Protective Order no Party waives any right it otherwise would have to object to

13  disclosing or producing any information or item on any ground not addressed in this

14  Stipulated Protective Order.  Similarly, no Party waives any right to object on any

15  ground to use in evidence of any of the material covered by this Protective Order.

16            12.3   Filing Protected Material.  A Party that seeks to file under seal

17  any Protected Material must comply with Civil Local Rule 79-5. Protected Material

18  may only be filed under seal pursuant to a court order authorizing the sealing of the

19  specific Protected Material at issue.  If a Party's request to file Protected Material

20  under seal is denied by the court, then the Receiving Party may file the information

21  in the public record unless otherwise instructed by the court.

22       13.   FINAL DISPOSITION

23       After the final disposition of this Action, as defined in paragraph 4, within 60

24  days of a written request by the Designating Party, each Receiving Party must return

25  all Protected Material to the Producing Party or destroy such material. As used in

26  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

27  summaries, and any other format reproducing or capturing any of the Protected

28  Material. Whether the Protected Material is returned or destroyed, the Receiving

1   Party must submit a written certification to the Producing Party (and, if not the same

2   person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

3   (by category, where appropriate) all the Protected Material that was returned or

4   destroyed and (2) affirms that the Receiving Party has not retained any copies,

5   abstracts, compilations, summaries or any other format reproducing or capturing any

6   of the Protected Material. Notwithstanding this provision, Counsel are entitled to

7   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

8   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

9   reports, attorney work product, and consultant and expert work product, even if such

10  materials contain Protected Material. Any such archival copies that contain or

11  constitute Protected Material remain subject to this Protective Order as set forth in

12  Section 4 (DURATION).

13          Any willful violation of this Order may be punished by civil or criminal

14  contempt proceedings, financial or evidentiary sanctions, reference to disciplinary

15  authorities, or other appropriate action at the discretion of the Court.

16

17          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

18

19          *Local Rule 5-4.3.4(a)(2)(i) Compliance:  Filer attests that all other*

20  *signatories listed concur in the filing's content and have authorized this filing.*

21

22  DATED:  April 11, 2019          Mortgage Recovery Law Group LLP

23

24                                  By:    */s/ Paul A. Levin*

25                                         Paul A. Levin
                                           Attorneys for Plaintiffs

26

27

28

DATED:  April 11, 2019        Etan Mark
Donald J. Hayden
Mark Migdal & Hayden

By:      */s/ Etan Mark*
                Etan Mark
Attorneys for Plaintiffs

DATED:  April 11, 2019        Jason Jones, Attorney at Law

By:      */s/ Jason Jones*
                Jason Jones
Attorneys for Plaintiffs

DATED:  April 11, 2019        Mark T. Drooks
Paul S. Chan
Gopi K. Panchapakesan
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By:      */s/ Mark T. Drooks*
                Mark T. Drooks
Attorneys for Defendants Herbalife
Nutrition Ltd. (fka Herbalife Ltd.),
Herbalife International, Inc., and Herbalife
International of America, Inc.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:    April 11, 2019

                  /s/ Judge Wilner

                 HON. MICHAEL R. WILNER
United States Magistrate Judge

3569407.1

STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ **[full name]**, of _____ **[full address]**, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on **[date]** in the case of **[insert case name and number]**.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ **[full name]** of _____ **[full address and telephone number]** as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed Name: _____

Signature: _____

3569407.1

15

STIPULATED PROTECTIVE ORDER