1  **PAUL A. LEVIN (State Bar No. 229077)**
   **MORTGAGE RECOVERY LAW GROUP LLP**
2  550 North Brand Boulevard, Suite 1100
3  Glendale, California 91203
   TELEPHONE: (818) 630-7900 FASCIMILE: (818) 630-7920
4  EMAIL:      plevin@themrlg.com

5
   **ETAN MARK (admitted *pro hac*)**
6  **DONALD J. HAYDEN (admitted *pro hac*)**
7  **MARK MIGDAL & HAYDEN**
   80 SW 8th Street, Suite 1999
8  Miami, Florida 33130
9  TELEPHONE: (305) 374-0440
   EMAIL:      etan@markmigdal.com
10              don@markmigdal.com

11 **Attorneys for Plaintiffs**

12

13              **UNITED STATES DISTRICT COURT**

14      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

15

16 | MICHAEL LAVIGNE, *et al.*,        | CASE NO. 2:18-cv-07480-JAK (MRWx) |
17 |     Plaintiffs, | [Related Case 2:13-cv-02488-BRO-RZ] |
18 |   vs.                    | **PLANTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER** |
19 | HERBALIFE LTD., *et al.*,          |                                    |
20 |     Defendants. |                                    |
21 |                                    | *[Filed concurrently with [Proposed] Order]* |
22 |                                    |                                    |
23 |                                    | Assigned to Hon. John A. Kronstadt, Courtroom 10B |
24

25

26

27

28

## I.    INTRODUCTION

The parties are in agreement that the current scheduling order needs to be modified but disagree about which deadlines should be extended. Defendant solely wishes to extend the summary judgment deadline, while Plaintiff requests that any modification should include the expert discovery deadlines.

Several factors necessitate this extension; most importantly is the pendency of Defendant's Motion to Dismiss (ECF No. 208) and Plaintiffs' Motion for Class Certification (ECF No. 207) (collectively the "Pending Motions"). Moreover, third-party witnesses, working closely with Herbalife, have refused to submit to online depositions until very recently, providing dates for their depositions for the first time on June 12, 2020 (after months of requests).

Accordingly, *ex parte* relief is necessary.

This case is about Defendant Herbalife International of America Inc. conspiring with over forty individuals who act together, using misrepresentation and deceit, to sell tickets to a series of live events. The events are pitched as the guaranteed pathway to life changing financial success with the multi-level marketing business opportunity sold by Defendant.  During the relevant period, Defendant sold hundreds of thousands of tickets to the prospective class members at a cost ranging from $40 to $175. Declaration of Etan Mark ("Mark Decl."), ¶ 3-4.  The highly detailed First Amended Complaint (ECF No. 202), accuses Herbalife of conducting the affairs of a racketeering enterprise, conspiring to conduct the affairs of a racketeering enterprise, violations of California's Unfair Competition Law, and negligent misrepresentation. Defendant's moved to dismiss the First Amended Complaint, ECF No. 208, and Plaintiffs have moved to certify a class based on the allegations in the First Amended Complaint, ECF No. 207. On February 24, 2020, the Court heard oral argument on the Pending Motions. Two days later, the Court entered the following Order:

> The Motions are taken UNDER SUBMISSION. Counsel should meet
> and confer, and file a joint report on or before 3/5/2020, with their

2

respective and/or collective views as to what dates should be adopted

for future pre-trial proceedings in this matter following the issuance of

the orders on both the Defendant's Motion and Plaintiffs Motion.

On March 5, 2020, the Parties issued a joint report urging the Court to hold all outstanding deadlines in abeyance pending ruling on the two outstanding motions. ECF No. 262.  On April 22, 2020, the Court entered an order extending all deadlines by approximately four months.  ECF No. 266.

The parties agree that some extension of pretrial deadlines is necessary. Defendant's counsel recently reached out to Plaintiffs' counsel requesting a stipulation to extend the deadline to file dispositive motions.  Mark Decl. at ¶ 6. Plaintiffs agreed, but sought confirmation that Defendant would agree to similarly extend the initial expert disclosure deadline.  *Id*.  Although Defendant previously recognized that expert disclosures should not occur until after the Court's ruling on class certification and motions to dismiss, *see* ECF No. 262, Defendant's counsel indicated that he would likely be unable to agree to that relief. Plaintiffs' counsel followed up with Defendant's counsel on Monday, June 15 and he confirmed that Herbalife would not agree to the requested extension. Mark Decl. at ¶ 7. This *ex parte* motion followed.

Plaintiffs have not been idle since oral argument on the Pending Motions.  In addition to attempting to confer with Defendant on certain discovery issues, Plaintiffs have been diligently attempting to obtain discovery from six critical non-party witnesses: Leslie Stanford, Susan Peterson, Enrique Carillo, John Tartol, Garrain Jones, and Cody Morrow (the "Testifying Producers").  The Testifying Producers possess key information and documents directly relevant to Plaintiffs' allegations. Despite agreeing to produce documents and provide deposition dates in January, the Testifying Producers waited another three months to begin producing documents and failed to offer even a single deposition date until June 12, 2020.  *Id.* at ¶¶ 8-13.  Now, after belatedly producing over 300,000 pages, some (but not all) of the Testifying

3

1  Producers have agreed to sit for deposition on select dates through July 30, 2020, *id.*,

2  fourteen days <u>after</u> the current expert disclosure deadline and three days <u>after</u> the

3  current deadline to file motions.

4  Plaintiffs' request for a modified scheduling order should be granted for three

5  reasons:

6  <u>First</u>, the pleadings are not yet closed.  The Court has yet to rule on Defendant's

7  Motion to Dismiss. Defendant has not pled its affirmative defenses in this matter and

8  it would be unfair to compel Plaintiffs to disclose expert reports without the benefit

9  of first considering those defenses.

10  <u>Second</u>, the size and scope of the class has yet to be defined by the Court.  It is

11  unreasonable to require Plaintiffs to advance expert testimony — including damages

12  testimony completely contingent on class definition — before any class has been

13  defined by the Court.  Because a ruling on Plaintiffs' Motion for Class Certification

14  is imminent, from a practical standpoint it makes sense to postpone the deadline to

15  exchange expert reports and engage in expert discovery until after the parties have the

16  benefit of a ruling on that motion.

17  <u>Third</u>, Plaintiffs have not been provided an opportunity to finalize the discovery

18  they need to bring this case to a conclusion — either at trial or on summary judgment.

19  Plaintiffs have diligently litigated this case from its inception.  To date, the parties

20  have exchanged hundreds of thousands of pages of documents, served written

21  discovery and have participated in eleven depositions, with at least six more to be

22  scheduled in the coming months.  Plaintiffs have been requesting documents and

23  deposition dates from the Testifying Producers for the last six months, only recently

24  securing documents and proposed dates. At this rate, its fact investigation stage will

25  be complete after the expert disclosure deadline and after the dispositive motion

26  deadline, but before any affirmative defenses are lodged.[1]  This sequencing is

27  _____

28  [1] Plaintiffs have reserved the right to seek the completion of Herbalife's corporate

PLANTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION
TO MODIFY SCHEDULING ORDER AND/OR REQUESTING CASE MANAGEMENT CONFERENCE

1  prejudicial to the Plaintiffs who will not be able to test the sufficiency of Herbalife's

2  defenses in fact discovery and will not have the benefit of critical witness testimony

3  in support of its expert opinions.

4       By this motion, Plaintiffs respectfully submit that the deadlines be reset so as

5  to mitigate this prejudice.

6  **II.    LEGAL ANALYSIS**

7       *Ex parte* relief is appropriate where the moving party seeks relief that cannot

8  be addressed by a regularly-noticed motion, and will face prejudice if its application

9  is denied, provided that the party is without fault in creating the need for *ex parte*

10 relief.  *See Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488,

11 492 (C.D. Cal. 1995).  As explained below, *ex parte* relief is appropriate because

12 Plaintiffs have diligently litigated the case from its inception, because denial of *ex*

13 *parte* relief would prevent Plaintiffs from obtaining critical discovery necessary to its

14 efforts to prepare its initial expert disclosures and motions for summary judgment

15 through no fault of their own, and because Defendant will not be prejudiced by the

16 relief sought herein.  In fact, the parties all agree that the deadlines should be extended,

17 but the Defendant wishes the deadlines to be extended in a manner that maximizes

18 the prejudice to the Plaintiffs rather than allowing the orderly administration of this

19 matter.

20      In determining whether to modify the current scheduling order, the Court

21 should consider (i) the degree of prejudice to any party; (ii) the ability of that party to

22 cure the prejudice; (iii) any impact which the amendment would have on the orderly

23 and efficient conduct of the trial; and (iv) any willfulness or bad faith by the party

24 seeking the amendment. *Newegg Inc. v. Ezra Sutton, P.A.*, CV1501395TJHJCX, 2016

25 WL 9108891, at *1 (C.D. Cal. Aug. 19, 2016) (citing *Galdamez v. Potter*, 415 F.3d

26 1015, 1020 (9th Cir. 2005). *Unihan Corp. v. Max Group Corp.*, CV 09-07921 MMM

27

28 representative deposition and seek additional discovery pending receipt of the answer
   and affirmative defenses.

5

PLAX, 2011 WL 6814044, at *1 (C.D. Cal. Dec. 28, 2011) (same). Each of these factors weigh in favor of a modification here.

### a. Plaintiffs will be prejudiced if *ex parte* relief is not granted.

Due to the unique procedural posture here and the scope of the allegations made, Plaintiffs would be prejudiced absent a continuance of pending deadlines including the deadline to serve initial expert disclosures (July 16, 2020) and the last day to file motions (including dispositive and discovery motions, July 27, 2020). There are three reasons why Plaintiffs will be prejudiced if the scheduling order is not modified: (1) the pleadings are not yet closed in this matter; (2) the size and scope of the class has yet to be defined by the Court; and (3) Plaintiffs have been denied access to critical discovery through no fault of their own.  For each of these reasons the scheduling order should be modified.

### 1. The pleadings are not yet closed in this matter.

If the Court completely denies Defendant's Motion to Dismiss and grants Plaintiffs' Motion for Class Certification in its entirety, Defendant would still need to plead their affirmative defenses.  It is unfair and impractical to expect Plaintiffs to proceed with expert disclosures before having the benefit of complete pleadings. Similarly, it is untenable that Plaintiffs will not have the ability to move for summary judgment on any of Herbalife's defenses under the current schedule.

The case of *Dinwiddie v. United States*, 1:18-CV-00197-DCN, 2020 WL 86193, at *2 (D. Idaho Jan. 7, 2020), is instructive.  In that case, the United States (a defendant in a civil matter) sought leave to add additional, previously unpled affirmative defenses. *Id.* at *1.  The Plaintiff then sought an extension of the expert disclosure deadline, but the United States refused contending Plaintiff "was aware of its intent to provide evidence of [the unpled affirmative defenses] because it stated as such in a response to interrogatories." *Id*.  In rejecting the United States' argument and granting Diwiddie's request to extend the expert disclosure deadline, the

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER AND/OR REQUESTING CASE MANAGEMENT CONFERENCE

*Dinwiddie* court held:

> The Court rejects the United States' argument that Julie failed to diligently pursue this discovery because she had adequate notice of this defense via the February 5, 2019, response to interrogatories. The language in the response that purportedly puts Julie on notice simply states, "the transfer was fraudulent under the laws of the State of Alaska." Dkt. 31-1, at 8. Even if it can be said that this language is legally sufficient to alert Julia of the United States' intent to utilize the fraudulent transfer affirmative defense, that language was contained in a response to an interrogatory, not in an answer to a complaint. As such, it cannot qualify as an affirmative defense. *See* Fed. R. Civ. Pro. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."). A response to an interrogatory does not carry the same significance that an affirmative defense does. The United States must have known this, which is why on August 1, 2019, it filed an Amended Answer and included the new affirmative defense.

*Id.* at *2.

Plaintiffs are not seeking a significant extension of pretrial deadlines. Rather, Plaintiffs are requesting what they anticipate will be the minimum extension necessary to properly prepare experts for this complex case after having the benefit of seeing Defendant's answer and affirmative defenses.[2]  It is all but definitionally prejudicial to deny Plaintiffs the ability to engage in discovery in response to affirmative defenses.    *See, e.g.*, *Gold v. Midland Credit Mgt., Inc.*,

---

[2] Defendant previously claimed that Plaintiffs are "familiar" with their affirmative defenses. To the extent Defendants' wish to provide the Plaintiffs' with their affirmative defenses now, Plaintiffs envision only needing an additional 45 days to complete fact discovery, rather than the 60 days requested.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER AND/OR REQUESTING CASE MANAGEMENT CONFERENCE

13CV02019BLFMEJ, 2014 WL 3371429, at *3 (N.D. Cal. July 9, 2014) (discussing

Plaintiffs right to seek discovery on affirmative defenses); *New York v. Micron Tech.,
Inc.*, C 06-6436 PJH, 2009 WL 29883, at *6 (N.D. Cal. Jan. 5, 2009) (same).

For this reason alone, Plaintiffs would be unfairly prejudiced without an
extension of the expert disclosure deadline.

2. <u>The size and scope of the putative class has not been defined by the
Court.</u>

Additionally, it does not make sense for the parties to rush to proceed with their
expert disclosures when the size and scope of the class is going to be defined by the
Court imminently.  The Court's ruling on the Pending Motions will undoubtedly have
an effect on Plaintiffs' expert disclosures. While Plaintiffs can submit expert
disclosures based on the current allegations of the Amended Complaint and can
attempt to guess the most likely ruling on class certification, it would be highly
inefficient – and prejudicial – for Plaintiffs to do so. It is difficult to imagine a scenario
where the Plaintiffs submit their expert disclosures in four weeks from now, and then
are not compelled to renew those disclosures in light of the Court's rulings and
Defendant's affirmative defenses. This is not only a waste of party resources, it also
unduly prejudices Plaintiffs to be forced to submit at least two sets of expert reports.
Herbalife itself implicitly recognized this prejudice, and initially agreed that expert
disclosures should not occur until after the Court's rulings. ECF No. 262.  For these
reasons, the Court should extend the deadline to exchange expert reports and engage
in expert discovery until after the parties have the benefit of a ruling on that motion.

3. <u>Plaintiffs have been denied access to critical discovery through no
fault of their own.</u>

Plaintiffs have not been sitting in idle for the last year and a half.  The parties
have exchanged hundreds of thousands of pages of documents, served written
discovery, spent dozens of hours conferring on the proper scope of discovery,

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION
TO MODIFY SCHEDULING ORDER AND/OR REQUESTING CASE MANAGEMENT CONFERENCE

participated in eleven depositions, and served dozens of subpoenas on critical third-party witnesses.  As evidenced by their October 31, 2019, *ex parte* application to extend pretrial discovery deadlines (ECF No. 199), Defendant and Testifying Producers spent the bulk of last year refusing to produce <u>any</u> documents and have unfairly and improperly delayed Plaintiffs access to discovery in this matter.  Since then, Plaintiffs have held several discovery conferences with Magistrate Judge Wilner, culminating with a hearing on January 29, 2020.  As a result of that hearing, Defendant agreed to produce critical information and did so six weeks later.

At the same hearing the Testifying Producers (who are operating under a joint defense agreement with Herbalife) agreed to produce documents and sit for deposition.  However, Herbalife and counsel for the Testifying Producers refused to offer any deposition dates until June 12, 2020 (initially claiming no dates of availability and then refusing to participate in Zoom proceedings). *Id.* at ¶¶ 8-13.  The Testifying Producers did not begin document production until April 2020 (producing over 300,000 pages thus far) with production still ongoing.  *Id*.  Counsel for the Testifying Producers have offered deposition dates for only five of the six witnesses, and those dates extend beyond the current July 27, 2020, deadline to file all motions (including discovery motions).  *Id.*

These documents and depositions are critical for both Plaintiffs' anticipated expert testimony and anticipated motions for summary judgment.  Even if it were somehow practical for Plaintiffs to review 300,000 pages and work with an expert to comply with the July 16, 2020 expert disclosure deadline, the Testifying Producers have only offered deposition dates <u>after</u> that deadline.  Plaintiffs have been asking for documents and deposition dates for months, but the Testifying Producers have failed to comply.  *Id.*

These documents and testimony are highly relevant to Plaintiffs' case.  The Amended Complaint alleges a significant conspiracy between Herbalife and its top

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER AND/OR REQUESTING CASE MANAGEMENT CONFERENCE

distributors, six of which are the Testifying Producers. As the Court recognized in its order on the motion to dismiss, the Plaintiffs' allegations of the Defendants' enterprise "satisfy the three elements of the distinct enterprise test."  ECF No. 196 at 7. This enterprise consists of a Herbalife corporate entity along with individual Herbalife distributors and the entities that they control. *Id.* Although the claims against the top distributors have been severed — as a result of *Herbalife's* insistence that this case be transferred to California — they remain important witnesses in this case. Top distributors make up the operative units of the alleged RICO enterprise. Through their participation in national strategy and planning committees, and through their operation of local and regional planning and leadership groups, the top distributors control many of the most fundamental aspects of the scheme. A large subset of Circle of Success events — eight of twelve months per year — are directly sold and controlled by top distributors. Only (apparently) these top distributors have access to the financial information relating to this large subset of events, a fact that was confirmed by Herbalife's corporate representative at his September 25, 2019, deposition.

### b.  The orderly administration of this case and trial

As the schedule currently stands, expert disclosures are due prior to the filing of affirmative defenses. The schedule also requires the parties to prepare expert reports before the Court rules on Defendant's Motion to Dismiss or Plaintiffs' Motion for Class Certification.  The effect of the current scheduling order will likely require expert reports to be amended in order to conform with the Court's rulings on the Pending Motions and Defendant's to-be-pled affirmative defenses.  Granting this *ex parte* motion, however, will result in the orderly and efficient administration of this case without effecting the trial date in this matter (as this matter is not yet on the Court's trial docket).

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION
TO MODIFY SCHEDULING ORDER AND/OR REQUESTING CASE MANAGEMENT CONFERENCE

### c. Plaintiffs' good-faith pursuit of discovery

Upon transfer of this case to this district, Plaintiffs promptly propounded discovery. *See* Mark Decl., ¶ 14. To date, the Plaintiffs have propounded requests for production on November 14, 2018, August 23, 2019 and November 22, 2019 a request for inspection on October 17, 2019, and interrogatories on June 12, 2019, August 9, 2019 and November 22, 2019. *Id.* at ¶ 15. Moreover, Plaintiffs have participated in eleven depositions, have propounded dozens of third-party subpoenas *duces tecum* and plan to depose each of the Testifying Producers in the coming weeks, subject to coordination with opposing counsel. *Id.* at ¶ 16.

Since the parties last submitted their joint scheduling report, the country has been faced with a pandemic, the Court has not yet ruled on the Pending Motions, and Plaintiffs have failed to receive critical discovery from third-party witnesses through no fault of Plaintiffs. Simply, the requested relief is due entirely to factors outside of Plaintiffs' control. Plaintiffs efforts have been diligent, consistent, and have clearly established good cause for the relief sought herein. *John v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[G]ood cause means scheduling deadlines cannot be met despite [a] party's diligence").

### III.   PLAINTIFFS' NOTIFIED DEFENDANTS OF THIS APPLICATION

Plaintiffs gave notice to Defendants of this application, as required by Local Rule 7-19. Defendants' counsel's, name, address, telephone number, and e-mails re as follows:

Paul Chan, Mark T. Drooks, and Gopi K. Panchapakesan

Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

1875 Century Park E., 23rd Floor

Los Angeles, CA 90067

(310) 201-2100

mdrooks@birdmarella.com

gkp@birdmarella.com

11

Plaintiffs' counsel conferred numerous times with Defendants' counsel Paul Chan regarding the relief sought herein.  The parties were ultimately unable to agree on the relief sought. Thus, this application became necessary.

## IV.    PROPOSED MODIFIED SCHEDULING ORDER

As required by the Court's Standing Order (ECF No. 266), Plaintiffs submit the following amended proposed scheduling order consistent with the Court's requirements:

| | |
|---|---|
| [July 16, 2020]<br><br>September 16, 2020 | Initial Expert Disclosures |
| [July 30, 2020]<br><br>September 30, 2020 | Rebuttal Expert Disclosures |
| [August 13, 2020]<br><br>October 14, 2020 | Expert Discovery Cut-Off |
| [July 27, 2020]<br><br>October 21, 2020 | Last day to file All Motions (including discovery motions) |
| [August 15, 2020]<br>**NO CHANGE**<br>August 15, 2020 | Last day to participate in a settlement conference/mediation |
| [August 20, 2020]<br>**NO CHANGE**<br>August 20, 2020 | Last day to file notice of settlement / joint report re settlement |
| [August 31, 2020] at 1:30p.m.<br>**NO CHANGE**<br>August 31, 2020 at 11:30a.m. | Post Mediation Status Conference |

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER AND/OR REQUESTING CASE MANAGEMENT CONFERENCE

1  **V.  CONCLUSION**

2      For the foregoing reasons, good cause exists to modify the Scheduling Order

3  to extend all pretrial deadlines as proposed.

4  DATED:  June 16, 2020          Respectfully submitted,

5

6                         Mark Migdal & Hayden

7                  By:  */s/ Etan Mark*

8                        Etan Mark
                      Attorneys for Plaintiffs Patricia Rodgers,

9                        Jennifer Ribalta, and Izaar Valdez

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION
TO MODIFY SCHEDULING ORDER AND/OR REQUESTING CASE MANAGEMENT CONFERENCE