1  Mark T. Drooks – State Bar No. 123561
       mdrooks@birdmarella.com
2  Paul S. Chan – State Bar No. 183406
       pchan@birdmarella.com
3  Gopi K. Panchapakesan – State Bar No. 279586
       gpanchapakesan@birdmarella.com
4  Jonathan M. Jackson – State Bar No. 257554
       jjackson@birdmarella.com
5  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
6  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
7  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
8
   Attorneys for Defendant Herbalife
9  International of America, Inc.

10

11                    **UNITED STATES DISTRICT COURT**

12        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

13

14  MICHAEL LAVIGNE, *et al.*,            CASE NO. 2:18-cv-07480-JAK (MRWx)

15            Plaintiffs,                 [Related Case 2:13-cv-02488-BRO-RZ]

16       vs.                             **DECLARATION OF JONATHAN M.
                                         JACKSON IN SUPPORT OF
17  HERBALIFE LTD., *et al.*,            APPLICATION TO FILE
                                         DOCUMENTS UNDER SEAL**
18            Defendants.
                                         *[Filed concurrently with Declaration of
19                                       Lizzette Rodriguez]*

20                                       Assigned to Hon. John A. Kronstadt
                                         Courtroom 10B
21

22

23

24

25

26

27

28

3685769

## DECLARATION OF JONATHAN M. JACKSON

I, Jonathan M. Jackson, declare as follows:

1.      I am an active member of the Bar of the State of California and an associate with Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C., attorneys of record for Defendant Herbalife International of America, Inc. ("Herbalife") in this action.  I make this declaration pursuant to Local Rule 79-5.2.2(b)(i), in support of Plaintiffs' Application for Leave to File Under Seal Exhibit 3 to Plaintiffs' Supplemental Memorandum re: Plaintiffs' Motion to Compel Discovery (Dkt. No. 291).  Except for those matters stated on information and belief, I make this declaration based upon personal knowledge and, if called upon to do so, I could and would so testify.

2.      Exhibit 3 was filed in support of a supplemental brief regarding a discovery motion unrelated to the merits of the case.  Accordingly, the "good cause" standard applies.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("[F]or sealed materials attached to a discovery motion unrelated to the merits of a case . . . a party need only satisfy the less exacting 'good cause' standard.").

3.      Herbalife does not seek to seal Exhibit 3 in its entirety.  Instead, Herbalife seeks only to seal particularly sensitive information within the document. Pursuant to Local Rule 79-5.2.2(b)(i), Herbalife's proposed redactions to Exhibit 3 are included in Exhibit A to the Declaration of Lizzette Rodriguez ("Rodriguez Decl.") submitted concurrently.  When Plaintiffs' counsel contacted Herbalife's counsel regarding the confidentiality of this document, Plaintiffs refused to identify what they intended to use the document for, or even what case they were considering using it for (*i.e.*, this case or the related action pending in the Southern District of Florida).  Herbalife asked for this information because the governing protective order only permits the use of confidential documents in the case that is

before this Court,[1] and in order to assess the propriety of Plaintiffs' request to de-designate the document in light of their stated purpose. *See AFM v. MGM*, 2017 WL 10544625, at \*2 (C.D. Cal. Dec. 1, 2017) (Wilner, J.) (explaining that the "lack of need for these items bears on the Court's exercise of its discretion" in de-designating materials produced pursuant to a protective order). Plaintiffs' counsel refused to provide even this basic information. As a result, the parties did not discuss redaction of the document pursuant to Local Rule 79-5.2.2.

4.      As explained in the Rodriguez Declaration, "good cause" supports Herbalife's request to seal this information, and Herbalife's interest in maintaining the confidentiality of this information outweighs the public's right of access, for multiple reasons. First, Exhibit 3 contains competitively sensitive information that would cause Herbalife competitive harm if it were made public. (Lizzette Decl., ¶¶ 2-6); *United States ex rel. Brown v. Celgene Corp.*, 2016 WL 6542729, at \*4 (C.D. Cal. Mar. 14, 2016) ("Courts routinely protect sensitive business and proprietary information where disclosure would put the producing party at a competitive disadvantage."). Second, the public release of this confidential email exchange would impair Herbalife's legitimate business interest in obtaining open and honest feedback from its distributors in a private setting. (Lizzette Decl., ¶ 5.) Third, Exhibit 3 contains private third party information, including names, phone numbers and email addresses (as well as the number and password for Herbalife's password-protected conference line). (Lizzette Decl., ¶ 7); *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at \*2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest[.]") (citing *Foltz v. State*

---

[1]   *See* Dkt. No. 212 (Stipulated Protective Order), Section 7.1 (limiting use of confidential materials to "prosecuting, defending, or attempting to settle this Action"); *id.* at Section 2.1 (defining "Action" as this Central District of California action, Case No. 2:18-cv-07480-JAK).

1 | *Farm. Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003)).

2 |         I declare under penalty of perjury under the laws of the United States of

3 | America that the foregoing is true and correct.

4 |         Executed this 1st day of December, 2020, at Los Angeles, California.

5 |

6 |

7 | _____

Jonathan M. Jackson

8 |