# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-7480 JAK (MRWx) | Date | December 10, 2020 |
| Title | Lavigne v. Herbalife | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | Veronica Piper | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:** ORDER RE: REVIEW OF COMPLIANCE REPORT

    1.    The Court conducted an <u>in camera</u> review of the sixth Affiliated Monitors compliance report.

    2.    The report was 117 pages in length plus additional data tables and appendices. The report covered the period from late November 2019 through late May 2020. Although the coronavirus crisis developed in earnest toward the end of the review period, the compliance report makes clear that personnel were able to delve into sales, marketing, and accounting issues at Herbalife in essentially the same manner as in previous periods.

    3.    Based on my review of the report (aided by computerized word searches), I saw no reference to the "Circle of Success" anywhere in the compliance report. There was a glancing reference to the monitor's attendance at a July 2019 "Extravaganza" event (Report at 18, 110.) However, the report referred to no other large-scale events. Notably, the report provided no substantive commentary about what occurred at any event. The report certainly did not "document[ ] Herbalife's use of any deceptive business methods or practices alleged in the Amended Complaint" as Plaintiffs asserted. (Docket # 285 at 24.)

    4.    I understand – based on my review of the amended complaint – that "Circle of Success" events are alleged to occur "month after month, year after year." (Docket # 202 at 38.) I also recognize that it is conceivable that the most recent report (I decided to select this one (rather than have Herbalife choose one) to avoid a potential allegation that the company "cherry-picked" a favorable report) covered a time period in which either the monitors chose not to attend big events or none were scheduled.

    5.    Even so, there was nothing in the report that I reviewed that remotely addressed Plaintiffs' contention that the monitors evaluated or recorded statements from Herbalife speakers. Further, given the formulaic structure of the report, there is no basis

to conclude that other, earlier reports would likely possess discoverable information relevant to this action.

6.    Based on the parties' submissions and my independent review of a sample report, Plaintiffs' motion to compel production of the compliance reports is denied. A separate order will address the remainder of the discovery motion.