PAUL A. LEVIN (State Bar No. 229077)
MORTGAGE RECOVERY LAW GROUP LLP
550 North Brand Boulevard, Suite 1100
Glendale, California 91203
TELEPHONE: (818) 630-7900 FASCIMILE: (818) 630-7920
EMAIL:   plevin@themrlg.com

ETAN MARK (admitted *pro hac*)
DONALD J. HAYDEN (admitted *pro hac*)
YANIV ADAR (admitted *pro hac*)
MARK MIGDAL & HAYDEN
80 SW 8th Street, Suite 1999
Miami, Florida 33130adar
TELEPHONE: (305) 374-0440
EMAIL:   etan@markmigdal.com
         don@markmigdal.com
         yaniv@markmigdal.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL LAVIGNE, *et al.*,<br><br>    Plaintiffs,<br><br>vs.<br><br>HERBALIFE LTD., *et al.*,<br><br>    Defendants. | CASE NO. 2:18-cv-07480-JAK (MRWx)<br><br>[Related Case 2:13-cv-02488-BRO-RZ]<br><br>**PLANTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER**<br><br>*[Filed concurrently with [Proposed] Order]*<br><br>Assigned to Hon. John A. Kronstadt, Courtroom 10B |

## I. INTRODUCTION

On August 31, 2020, the Court held a Post Mediation Status Conference to discuss next steps in this matter. The Court extended all outstanding deadlines in the case based "on the anticipated issuance of rulings on Defendant's Motion to Dismiss (ECF No. 208) and Plaintiffs' Motion for Class Certification (ECF No. 207) (collectively the "Pending Motions") by November 2, 2020." ECF No. 282. At the August 31, 2020 hearing the Court noted that the extension of all deadlines was intended to avoid the expenditure of resources before ruling on the Pending Motions. The Court has not yet ruled on the Pending Motions, necessitating the extension of pretrial deadlines.

The parties are in agreement that the current scheduling order needs to be modified but disagree about which deadlines should be extended. Defendant exclusively seeks extension of non-discovery deadlines, while Plaintiff requests that any modification include all upcoming deadlines (including those for Expert Disclosures).

Several factors necessitate this extension; most importantly is the pendency of the Pending Motions. The pleadings are not yet closed (Defendant has yet to answer) and the size and scope of any potential class has yet to be defined by the Court. Moreover, discovery is not yet complete in this matter as Defendant is still in the process of producing outstanding documents. Accordingly, *ex parte* relief is necessary.

This case is about Defendant Herbalife International of America ("Herbalife") conspiring with a cadre of individuals who act together, using misrepresentation and deceit, to sell tickets to a series of live events. The events are pitched as the guaranteed pathway to life changing financial success with the multi-level marketing business opportunity sold by Defendant. During the relevant period, Defendant sold hundreds of thousands of tickets to the prospective class members at a cost ranging from $40 to $175. Declaration of Yaniv Adar ("Adar Decl."), ¶ 3-4. The highly detailed First

Amended Complaint (ECF No. 202), alleges that Herbalife conducts the affairs of a racketeering enterprise, conspires to conduct the affairs of a racketeering enterprise, violates California's Unfair Competition Law, and negligently misrepresents the correlation between event attendance and financial success. Defendant's moved to dismiss the First Amended Complaint (ECF No. 208) and Plaintiffs have moved to certify a class based on the allegations contained within the First Amended Complaint (ECF No. 207). On February 24, 2020, the Court heard oral argument on the Pending Motions. Two days later, the Court entered the following Order:

> The Motions are taken UNDER SUBMISSION. Counsel should meet and confer, and file a joint report on or before 3/5/2020, with their respective and/or collective views as to what dates should be adopted for future pre-trial proceedings in this matter following the issuance of the orders on both the Defendant's Motion and Plaintiffs Motion.

On March 5, 2020, the Parties issued a joint report urging the Court to hold all outstanding deadlines in abeyance pending ruling on the two outstanding motions (ECF No. 262). On April 22, 2020, the Court entered an order extending all deadlines by approximately four months (ECF No. 266).

On June 16, 2020, Plaintiffs filed an *ex parte* application to extend all pre-trial deadlines pending resolution of the Pending Motions (ECF No. 275). Defendant opposed, asking the Court to extend only non-discovery related deadlines (ECF No. 276). The Court extended all pre-trial deadlines the following week (ECF No. 277).

On August 24, 2020, Plaintiffs reached out to Defendant's counsel to extend all pre-trial deadlines again pending resolution of the Pending Motions. Adar Decl. at ¶ 5. Defendant's counsel promptly responded, "in light of Judge Kronstadt's ruling on plaintiffs' prior application, we will not oppose this application." *Id.* at ¶ 6. The following week, the Court set these deadlines "based on the anticipated issuance of rulings on the Pending Motions by November 2, 2020":

|   |   |   |
|---|---|---|
| 1 | January 11, 2021 | Initial Expert Disclosures |
| 2 | January 25, 2021 | Rebuttal Expert Disclosures |
| 3 | February 8, 2021 | Expert Discovery Cut-Off |
| 4 | February 15, 2021 | Last day to file All Motions (*including discovery Motions*) |

ECF No. 282.

Because the anticipated ruling date has come and gone and in light of the upcoming holidays, Plaintiff's counsel reached out to Defendants' counsel proposing a 90-day extension of all deadlines. Adar Decl. at ¶ 7. Despite previously acknowledging the Court's refusal to only extend some deadlines (as opposed to all remaining deadlines), Defendants reverted to their June 2020 position that only extensions of non-discovery deadlines are appropriate. *Id.* at ¶ 8. Even though Defendant previously recognized that expert disclosures should not occur until after the Court's ruling on the Pending Motions, *see* ECF Nos. 262, 282, Defendant's counsel indicated that he was unable to agree to that relief. This *ex parte* motion followed.

Plaintiffs have not been idle since oral argument on the Pending Motions. In addition to attempting to confer with Defendant on certain discovery issues, Plaintiffs have obtained discovery from six critical non-party witnesses: Leslie Stanford, Susan Peterson, Enrique Carillo, John Tartol, Garrain Jones, and Cody Morrow (the "Testifying Producers"). The Testifying Producers possessed key information and documents directly relevant to Plaintiffs' allegations. Despite agreeing to produce documents and provide deposition dates in January, the Testifying Producers waited another three months to <u>begin</u> producing documents and failed to offer even a single deposition date until June 12, 2020. *Id.* at ¶¶ 9-13. After belatedly producing over 300,000 pages, the Testifying Producers agreed to sit for deposition on select dates through August 2020. *Id.* The parties also have pending matters before Magistrate Judge Wilner that remain unresolved. *See, e.g.* ECF No. 300.

Plaintiffs' request for a modified scheduling order should be granted for three

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION TO MODIFY SCHEDULING ORDER AND/OR REQUESTING CASE MANAGEMENT CONFERENCE

reasons:

<u>First</u>, the pleadings are not yet closed. The Court has yet to rule on Defendant's Motion to Dismiss. Defendant has not pled its affirmative defenses and it would be unfair to compel Plaintiffs to disclose expert reports without the benefit of first considering those defenses.

<u>Second</u>, the size and scope of any potential class has yet to be defined by the Court. It is unreasonable to require Plaintiffs to advance expert testimony — including damages testimony completely contingent on class definition — before any class has been defined by the Court. Because a ruling on Plaintiffs' Motion for Class Certification is imminent, from a practical standpoint it makes sense to postpone the deadline to exchange expert reports and engage in expert discovery until after the parties have the benefit of a ruling on that motion.

<u>Third</u>, Plaintiffs have not been provided an opportunity to finalize the discovery they need to bring this case to a conclusion — either at trial or on summary judgment. Plaintiffs have diligently litigated this case from its inception. To date, the parties have exchanged hundreds of thousands of pages of documents, served written discovery and have participated in seventeen depositions. At this rate, its fact investigation stage will be complete after the expert disclosure deadline and after the dispositive motion deadline, but before any affirmative defenses are lodged.[1] This sequencing is prejudicial to the Plaintiffs who will not be able to test the sufficiency of Herbalife's defenses in fact discovery.

By this motion, Plaintiffs respectfully submit that the deadlines be reset so as to mitigate this prejudice.

## II. LEGAL ANALYSIS

*Ex parte* relief is appropriate where the moving party seeks relief that cannot

---

[1] Plaintiffs have reserved the right to seek the completion of Herbalife's corporate representative deposition and seek additional discovery pending receipt of the answer and affirmative defenses.

be addressed by a regularly-noticed motion, and will face prejudice if its application is denied, provided that the party is without fault in creating the need for *ex parte* relief. *See Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). As explained below, *ex parte* relief is appropriate because Plaintiffs have diligently litigated the case; because denial of *ex parte* relief would prevent Plaintiffs from obtaining critical discovery necessary to its efforts to prepare its initial expert disclosures and motions for summary judgment through no fault of their own; and because Defendant will not be prejudiced by the relief sought. In fact, the parties all agree that the deadlines should be extended, but the Defendant wishes the deadlines to be extended in a manner that maximizes the prejudice to the Plaintiffs rather than allowing the orderly administration of this matter.

In determining whether to modify the current scheduling order, the Court should consider (i) the degree of prejudice to any party; (ii) the ability of that party to cure the prejudice; (iii) any impact which the amendment would have on the orderly and efficient conduct of the trial; and (iv) any willfulness or bad faith by the party seeking the amendment. *Newegg Inc. v. Ezra Sutton, P.A.*, CV1501395TJHJCX, 2016 WL 9108891, at *1 (C.D. Cal. Aug. 19, 2016) (citing *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005). *Unihan Corp. v. Max Group Corp.*, CV 09-07921 MMM PLAX, 2011 WL 6814044, at *1 (C.D. Cal. Dec. 28, 2011) (same). Each of these factors weigh in favor of a modification here.

### a.  Plaintiffs will be prejudiced if *ex parte* relief is not granted.

Due to the unique procedural posture here and the scope of the allegations made, Plaintiffs would be prejudiced absent a continuance of pending deadlines including the deadline to serve initial expert disclosures (January 11, 2021) and the last day to file motions (including dispositive and discovery motions, February 15, 2021). There are three reasons why Plaintiffs will be prejudiced if the scheduling order is not modified: (1) the pleadings are not yet closed in this matter; (2) the size

and scope of the class has yet to be defined by the Court; and (3) Plaintiffs have been denied access to critical discovery through no fault of their own. For each of these reasons the scheduling order should be modified.

1. The pleadings are not yet closed in this matter.

If the Court completely denies Defendant's Motion to Dismiss and grants Plaintiffs' Motion for Class Certification in its entirety, Defendant will still need to plead their affirmative defenses. It is unfair and impractical to expect Plaintiffs to proceed with expert disclosures before having the benefit of complete pleadings. Similarly, Plaintiffs will not have the opportunity to move for summary judgment on any of Herbalife's defenses under the current schedule.

The case of *Dinwiddie v. United States*, 1:18-CV-00197-DCN, 2020 WL 86193, at *2 (D. Idaho Jan. 7, 2020), is instructive. In that case, the United States (a defendant in a civil matter) sought leave to add additional, previously unpled affirmative defenses. *Id.* at *1. The Plaintiff then sought an extension of the expert disclosure deadline, but the United States refused contending Plaintiff "was aware of its intent to provide evidence of [the unpled affirmative defenses] because it stated as such in a response to interrogatories." *Id*. In rejecting the United States' argument and granting Diwiddie's request to extend the expert disclosure deadline, the *Dinwiddie* court held:

> The Court rejects the United States' argument that Julie failed to diligently pursue this discovery because she had adequate notice of this defense via the February 5, 2019, response to interrogatories. The language in the response that purportedly puts Julie on notice simply states, "the transfer was fraudulent under the laws of the State of Alaska." Dkt. 31-1, at 8. Even if it can be said that this language is legally sufficient to alert Julia of the United States' intent to utilize the fraudulent transfer affirmative defense, that language was contained in

7

a response to an interrogatory, not in an answer to a complaint. As such, it cannot qualify as an affirmative defense. *See* Fed. R. Civ. Pro. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."). A response to an interrogatory does not carry the same significance that an affirmative defense does. The United States must have known this, which is why on August 1, 2019, it filed an Amended Answer and included the new affirmative defense.

*Id.* at *2.

Plaintiffs are not seeking a significant extension of pretrial deadlines. Rather, Plaintiffs are requesting what they anticipate will be the minimum extension necessary to properly prepare experts for this complex case after having the benefit of seeing Defendant's answer and affirmative defenses. It would be prejudicial to deny Plaintiffs the opportunity to engage in discovery in response to Defendant's affirmative defenses. *See, e.g.*, *Gold v. Midland Credit Mgt., Inc.*, 13CV02019BLFMEJ, 2014 WL 3371429, at *3 (N.D. Cal. July 9, 2014) (discussing Plaintiffs right to seek discovery on affirmative defenses); *New York v. Micron Tech., Inc.*, C 06-6436 PJH, 2009 WL 29883, at *6 (N.D. Cal. Jan. 5, 2009) (same).

> 2. <u>The size and scope of the putative class has not been defined by the Court.</u>

Additionally, it does not make sense for the parties to rush to proceed with their expert disclosures when the size and scope of any potential class is going to be defined by the Court imminently. The Court's ruling on the Pending Motions will undoubtedly have an effect on Plaintiffs' expert disclosures. While Plaintiffs can submit expert disclosures based on the current allegations of the Amended Complaint and can speculate as to the most likely ruling on class certification, it would be highly inefficient — and prejudicial — for Plaintiffs to do so. It is difficult to imagine a

scenario where the Plaintiffs submit their expert disclosures four weeks from now, and then are not compelled to renew those disclosures in light of the Court's rulings and Defendant's affirmative defenses.

> 3. <u>Plaintiffs have been denied access to critical discovery through no fault of their own.</u>

The parties have exchanged hundreds of thousands of pages of documents, served written discovery, spent dozens of hours conferring on the proper scope of discovery, participated in seventeen depositions, and served dozens of subpoenas on critical third-party witnesses. As evidenced by their October 31, 2019, *ex parte* application to extend pretrial discovery deadlines (ECF No. 199), Defendant and Testifying Producers spent the bulk of last year refusing to produce <u>any</u> documents and have unfairly and improperly delayed Plaintiffs access to discovery in this matter.

### b. The orderly administration of this case and trial

As the schedule currently stands, expert disclosures are due prior to the filing of affirmative defenses. The schedule also likely requires the parties to prepare expert reports before the Court rules on Defendant's Motion to Dismiss or Plaintiffs' Motion for Class Certification (or, at best, within days of those rulings be issued). Granting this *ex parte* motion will result in the orderly and efficient administration of this case without effecting the trial date in this matter (as this matter is not yet on the Court's trial docket).

### c. Plaintiffs' good-faith pursuit of discovery

Upon transfer of this case to this district, Plaintiffs promptly propounded discovery. *See* Adar Decl., ¶ 14. To date, the Plaintiffs have propounded requests for production on November 14, 2018, August 23, 2019, and November 22, 2019, a request for inspection on October 17, 2019, and interrogatories on June 12, 2019, August 9, 2019, and November 22, 2019. *Id.* at ¶ 15. Moreover, Plaintiffs have participated in seventeen depositions, have propounded dozens of third-party

subpoenas *duces tecum*, and are still awaiting documents pending a ruling from Magistrate Judge Wilner. *Id.* at ¶ 16.

Simply, the requested relief is due entirely to factors outside of Plaintiffs' control. Plaintiffs' efforts have been diligent, consistent, and have clearly established good cause for the relief sought herein. *John v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[G]ood cause means scheduling deadlines cannot be met despite [a] party's diligence").

### III.  PLAINTIFFS' NOTIFIED DEFENDANTS OF THIS APPLICATION

Plaintiffs gave notice to Defendants of this application, as required by Local Rule 7-19. Defendants' counsel's, name, address, telephone number, and e-mails re as follows:

Paul Chan, Mark T. Drooks, and Gopi K. Panchapakesan

Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.

1875 Century Park E., 23rd Floor

Los Angeles, CA 90067

(310) 201-2100

mdrooks@birdmarella.com

gkp@birdmarella.com

Plaintiffs' counsel conferred with Defendants' counsel regarding the relief sought herein. The parties were ultimately unable to agree on the relief sought. Thus, this application became necessary.

### IV.  PROPOSED MODIFIED SCHEDULING ORDER

As required by the Court's August 31, 2020 Order (ECF No. 282), Plaintiffs submit the following amended proposed scheduling order consistent with the Court's requirements:

| | |
|---|---|
| [January 11, 2021]<br><br>April 12, 2021 | Initial Expert Disclosures |
| [January 25, 2021]<br><br>April 26, 2021 | Rebuttal Expert Disclosures |
| [February 8, 2021]<br><br>May 10, 2021 | Expert Discovery Cut-Off |
| [February 15, 2021]<br><br>May 17, 2021 | Last day to file All Motions (including discovery motions) |

## V. CONCLUSION

For the foregoing reasons, good cause exists to modify the Court's August 31, 2020 Order (ECF No. 282) to extend all pretrial deadlines as proposed.

DATED: December 10, 2020      Respectfully submitted,

                                   Mark Migdal & Hayden

                                   By:   */s/ Yaniv Adar*
                                          Yaniv Adar
                                          Attorneys for Plaintiffs Patricia Rodgers,
                                          Jennifer Ribalta, and Izaar Valdez