UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-7480 JAK (MRWx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Lavigne v. Herbalife | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | Veronica Piper | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

Proceedings: ORDER DENYING MOTION TO RE-DESIGNATE DOCUMENTS

1. This is a class action involving aggrieved Herbalife distributors. At the parties' request, the Court (Magistrate Judge Wilner) entered a protective order to facilitate discovery that Plaintiffs sought from the company. (Docket # 211.) The protective order allowed Defendant Herbalife to designate business records and other items as "confidential" when produced to Plaintiffs in the litigation.

2. Plaintiffs contend that Herbalife designated too many items as "confidential." They now seek a ruling that would essentially require Herbalife to reevaluate its previous document production – over 100,000 pages of materials (Docket # 285 at 5) – and "limit confidentiality designations to only those [items] warranting such designation." (Id. at 11.) Plaintiffs also seek sanctions against the company.

\* \* \*

3. The basis for Plaintiffs' complaints about the defense's confidentiality designations has been a moving target. The original motion cited virtually no law supporting the bare request that the company re-label its document production. Instead, Plaintiffs simply relied on the terms of the Court's protective order prohibiting "mass, indiscriminate, or routinized designations," and claimed that this is what the defense did. (Docket # 285 at 9.) Plaintiffs also protested the "onerous obligations" of Local Rule 79-5 to obtain permission to file confidential materials under seal with the Court. (Id. at 5.) Alternatively, they complained that, when confronted, Defendant withdrew confidentiality designations for certain items.[1] (Id. at 9 n.1.)

---

[1] Notably, Plaintiffs have not identified any items that they have been precluded from presenting to the Court in connection with any filing. They also did not indicate that they have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-7480 JAK (MRWx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Lavigne v. Herbalife | | |

4. During a video conference regarding the motion, Plaintiffs changed the thrust of their grievance. The lawyers stated that the confidentiality designations prevented Plaintiffs' lawyers from speaking freely with colleagues, class members, and expert witnesses about documents received from Herbalife – unless those people signed a noticed to be bound by the parties' stipulated agreement. Finally, in a different supplemental statement, Plaintiffs broadly claimed that information it obtained in discovery should be distributed to the public – primarily to consumer protection advocates – without limitations to reveal "essential truths" about Defendant's operations. (Docket # 290 at 2.)

\* \* \*

5. Pretrial discovery in civil actions is "largely 'conducted in private as a matter of modern practice,' so the public is not presumed to have a right of access to it." Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 33 (1984)). As a result, "private materials unearthed during discovery" are "not part of the judicial record" and not automatically subject to public dissemination. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010).

6. From this, the Federal Rules of Civil Procedure permit a court to enter a protective order – whether by consent (as here) or by motion – limiting access to those items. Rule 26(c)(1) allows a court to protect "a party or person from annoyance, embarrassment, oppression, or undue burden or expense" arising from federal litigation. When such an order is in place, the party "opposing disclosure has the burden of establishing that there is good cause to continue the protection of the discovery material." In re Roman Catholic Archbishop of Portland in Oregon, 661 F.3d 417, 424 (9th Cir. 2011). (**N.B.** Different standards apply when protected materials are actually filed with the Court in motion practice or used at trial.)

7. To assess good cause for continued protection, a court must engage in a two-pronged inquiry. First, the court must determine whether "particularized harm will result from disclosure of information to the public." Phillips v. Gen'l Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002). Second, if such harm may occur, the court must "balance the public and private interests to decide whether [maintaining] a protective order is necessary." Archbishop of Portland, 661 F.3d at 424 (quotation omitted). The numerous

---

been required to litigate the propriety or frivolousness of any confidentiality designation as part of the L.R. 79 process.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-7480 JAK (MRWx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Lavigne v. Herbalife | | |

factors affecting those interests include an assessment of the purpose of the anticipated disclosure and various potential public safety benefits. Id. at n.5 (citing Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995)). A district court's decision regarding the modification of a protective order or the designation of materials is reviewed on appeal for abuse of discretion. Phillips, 307 F.3d at 1210.

* * *

8. Plaintiffs' actions in the litigation prevent fair application of these standards in the current dispute. Plaintiffs don't challenge specific documents or categories of records – they want the Court to deem all of Herbalife's materials not to be confidential. As the district court noted in Edifecs, Inc. v. TIBCO Software, Inc., 2011 WL 13362103 at *3 (W.D. Wash. 2011), "Plaintiff's motion is not the proper avenue for bringing the issue of improper designations to the Court's attention. Simply ordering the Defendant to re-review all of the discovery it has produced to Plaintiff does not serve any purpose."

9. Rather, the Edifecs Court noted that a district court can only apply the Rule 26 good cause standard "to specific documents. It cannot, and need not, issue broad, advisory rulings regarding what, generally speaking, constitutes 'good cause' to designate a discovery document as confidential" under a protective order. Id. (referring the parties to the discovery motion and fee-shifting provisions of Rule 37(a)).

10. That makes exactly the same amount of sense here too.[2] The Court cannot meaningfully evaluate Plaintiffs' claims that Herbalife allegedly violated the protective order. The handful of records that the company de-designated on request suggests that the meet-and-confer process works (even if the meet-and-confer process presents a minor burden to the parties). (Docket # 285 at 10.) By contrast, Plaintiffs' decision to file other materials under seal means that they chose not to challenge the propriety of those particular confidentiality designations. (If Plaintiffs' lawyers believe that Local Rule 79 is "onerous," they can take their complaint to this Court's Rules Committee – they wrote the rule, not me.)

11. But how on earth should a federal court intelligently and fairly evaluate Plaintiffs' claims regarding the alleged confidentiality of the remaining, unspecified

---

[2] The Court observes that Plaintiffs had two opportunities to address the obviously on-point Edifecs decision in its court filings after Herbalife identified the ruling. If failed to do so. (Docket # 287, 290.) They won't get a third bite at the apple.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-7480 JAK (MRWx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Lavigne v. Herbalife | | |

documents? This Court is ill-placed to review the volume of discovery that Plaintiffs asked for and received to date in the action. In the absence of any specific harm backed by a demonstrated misapplication of a confidentiality determination, the Court will not wade into the parties' speculative dispute.[3]

\* \* \*

12.　Further, to the extent that Plaintiffs seek de-designation of identified recordings of high-level sales and marketing events, the request is even more frivolous. (Docket # 285 at 18.) The events are a fundamental component of Plaintiffs' fraud claims. Plaintiffs pled numerous details about them in their complaints. They certainly knew a considerable amount of information about what occurred at the events – they admit that they attended many of them.

13.　So, when Plaintiffs specifically agreed at the outset of this litigation that there was good cause to protect "video and audio recordings of Herbalife events" and other specified materials (Docket # 212 at 2), they obviously knew what they signed up for. Plaintiffs' attorneys offer no cogent explanation as to why they should be allowed to back out of the contract that they entered into quite knowledgeably with the company. Based on the clear terms of the parties' stipulated agreement, Plaintiffs waived their ability to designate materials that they expressly acknowledged should be within the protective order.[4]

\* \* \*

---

[3]　To be clear, the courthouse window remains open to a legitimate claim that the defense deliberately failed to abide by the terms of this Court's protective order. Such a claim will require considerably more detail than the vague allegations put forward to date.

[4]　Even if the Court went through the exercise of applying the Archbishop / Glenmede factors, Plaintiffs likely would fare no better. Their own pleadings establish that Herbalife's group events are at the center of the company's business model. Widespread disclosure of the substance of those large, but non-public, proprietary events certainly establishes a potential particularized harm. Phillips, 307 F.3d at 1212. Further, the ever-shifting purpose for Plaintiffs' planned disclosure and the lack of a compelling community safety reason (respectfully, protecting people from signing up to be Herbalife distributors is not equivalent to saving children from pedophiles or motorists from exploding cars) don't appear to demonstrate that the public interests outweigh the parties' private interests. Archbishop of Portland, 661 F.3d at 424.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-7480 JAK (MRWx) | Date | December 23, 2020 |
|---|---|---|---|
| Title | Lavigne v. Herbalife | | |

14. Plaintiffs' motion is therefore denied in its entirety. (After an in camera review, the Court previously denied Plaintiffs' additional request to de-designate reports from an FTC-appointed monitor. (Docket # 301.))

15. Federal Rule of Civil Procedure 37(a)(5) states that if a court denies a motion for an order compelling discovery, the court must, after giving an opportunity to be heard, require the moving party, that party's attorney, or both to pay the reasonable expenses of the opposing party incurred in responding to the motion, including attorney's fees. However, a court may not order such payment if the motion was "substantially justified" or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

16. The Court cannot state at present whether Plaintiffs' conduct in litigating this motion requires such an award. If Defendant wishes to pursue reimbursement of expenses associated with the motion, it will file a statement (not to exceed five pages plus exhibits) setting forth its request and why the award is warranted under the rule. That submission will be due by January 8. Plaintiffs will have until January 22 to respond (not to exceed five pages plus exhibits). After that, the Court will take the matter under submission pursuant to Local Rule.