# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-7480 JAK (MRWx) | Date | June 4, 2021 |
| Title | Lavigne v. Herbalife | | |

Present: Hon. Michael R. Wilner, U.S. Magistrate Judge

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff: | Attorneys for Defendant: |
|---|---|
| n/a | n/a |

**Proceedings:** ORDER RE: FEE AWARD

1. The Court previously denied Plaintiffs' motion to de-designate material that had been labeled "confidential" under the stipulated protective order. (Docket # 304.) Pursuant to the Court's order, Defendant moved for an award of approximately $68,000 in "fees and costs incurred opposing the motion." (Docket # 311 at 2.) Plaintiffs filed a timely opposition. (Docket # 320.)

2. The Court concludes that a modest fee award is appropriate. Although a limited aspect of Plaintiffs' motion arguably was justified, the main point – de-designate <u>everything</u> in discovery, including items that the parties previously agreed should be protected from public disclosure – was not. Indeed, I expressly found the bulk of the motion to be frivolous in nature in an earlier order. (Docket # 303 at 4.) A fee shift is required under Rule 37.

3. But not in the heart-stopping amount that the defense requests. Rather, in an exercise of discretion, the Court orders Plaintiffs' attorneys to pay the sum of $5,000 in fees. Recognizing that the underlying discovery order remains under review with Judge Kronstadt (Docket # 309, 357), payment will not be required until 14 days after the district judge enters an order resolving that review.

\* \* \*

4. Federal Rule of Civil Procedure 37(a)(5) allows a victorious party in a discovery motion to recover its "reasonable expenses incurred in making [or opposing] the motion, including attorney's fees." When a discovery-related motion is denied (as here), "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-7480 JAK (MRWx) | Date | June 4, 2021 |
|---|---|---|---|
| Title | Lavigne v. Herbalife | | |

5.  Rule 37(a)(5) "is really aimed at curbing discovery abuses and preventing waste of judicial time when there is no genuine dispute." Phillips & Stevenson, Federal Civil Procedure Before Trial, ¶ 11:2386 (The Rutter Group 2020) (emphasis omitted) (formerly Schwarzer, Tashima, & Wagstaffe). A "genuine dispute" is one in which "reasonable people could differ as to the appropriateness of the contested action." Id. at ¶ 11:2382 (citing cases); Reygo Pacific Corp. v. Johnston Pump Co., 680 F.2d 647, 649 (9th Cir. 1982) (interpreting the then-recent fee-shifting amendment to Rule 37, noting that "A request for discovery is 'substantially justified' under the rule if reasonable people could differ as to whether the party requested must comply.") The losing party to a discovery motion bears the burden "affirmatively to demonstrate that its position was substantially justified." Phillips & Stevenson, ¶ 11:2382.

6.  It is "for the court to decide what amount is proper" in evaluating a request for expenses. 8B Wright, Miller & Marcus, Federal Practice & Procedure, § 2288 (3d ed. 2010 and supp.). An appellate court reviews an award of fees or sanctions for abuse of discretion. R&R Sails, Inc. v. Insurance Co. of Pennsylvania, 673 F.3d 1240, 1245 (9th Cir. 2012); Republic of Ecuador v. Mackay, 742 F.3d 860, 864 (9th Cir. 2014).

\* \* \*

7.  In their fee opposition brief, Plaintiffs seek to demonstrate their "substantial justification" in bringing the motion by re-arguing the merits of the de-designation argument. It wasn't persuasive then, and it ain't now. As I previously noted, the contentions that Plaintiffs asserted in the original motion were "a moving target" that caused real delay to the Court's understanding of the dispute. (Docket # 304 at 1.) The ever-shifting legal arguments seriously undermined whatever justification Plaintiffs had in challenging Defendant's conduct.

8.  I also fail to understand Plaintiffs' explanation as to why they refused to provide any analysis of the on-point Edifecs decision. Let's say I accept that Defendant didn't raise it in the pre-motion discussion. (Docket # 320 at 2.) But it certainly played a prominent role in the main brief (Docket # 285 at 13-14), the defense's supplemental brief (Docket # 292 at 4), and our discussions. To simply say that it's OK to ignore relevant out-of-district authority is pretty weak. (Docket # 320 at 3.)

9.  Plaintiffs' contentions regarding the "unjust circumstances" prong of the Rule are equally as unclear and unconvincing. (Id. at 5.) The exception – it is not appropriate to award fees regarding the AMI reports that the Court reviewed in camera. (Docket

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-7480 JAK (MRWx) | Date | June 4, 2021 |
|---|---|---|---|
| Title | Lavigne v. Herbalife | | |

# 301.) Yes, I decided that there was no basis for the company to produce those records to Plaintiffs in this action. However, given the non-public nature of those reports (which were generated as part of the resolution of a parallel FTC action), it's hard to fault Plaintiffs for believing that there might be good stuff in them. No fees should be awarded for this limited portion of the unsuccessful discovery motion practice.

    10.    Overall, though, the Court concludes that Plaintiffs have not carried their burden under the substantial-justification or unjust-circumstances analyses. An award of fees is warranted. Phillips and Stevenson, ¶ 11:2382.

    11.    It won't be the high-five-figure bill that the Bird Marella firm presented to the Court, though. (Docket # 311-1.) I don't question the veracity of the billing records or rates charged at all. However, the Rule limits recovery to "reasonable expenses incurred in opposing the motion." Fed. R. Civ. P. 37(a)(5)(B). I decline to conclude that this includes time spent in meet-and-confer sessions (to the extent they're built into the bill). I also won't award fees for the same amount of time spent in submitting the fee application as was spent in drafting the original substantive brief. (Docket # 311-1 at ¶¶ 12, 21.) That's not reasonable to me.

    12.    Moreover, at the end of the day, I can't find that 120 hours of big-firm lawyer time was reasonably spent on a couple of briefs and informal hearings in a discovery dispute. I'm also well aware that a small group of individual plaintiffs have hired counsel to take on a major international company in this litigation. As a matter of equity, I won't impose a crippling fee award based on the outcome of the poorly conceived motion.

    13.    The Court therefore exercises its discretion to order Plaintiffs' attorneys[1] to pay Defendant the sum of $5,000 to the defense pursuant to Rule 37. This payment will be completed within 14 from the district judge's resolution of the review of the de-designation order. Plaintiffs will promptly file a notice with the Court to document the payment.

\* \* \*

    14.    The Court expressly opines that the fee award in this action should <u>not</u> be considered a personal sanction on an attorney that is potentially reportable to the State

---

[1] Rule 37(a)(5)(B) expressly allows the Court to order the "the movant, the attorney filing the motion, or both to pay" a fee award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-7480 JAK (MRWx) | Date | June 4, 2021 |
|---|---|---|---|
| Title | Lavigne v. Herbalife | | |

Bar of California pursuant to Business and Professions Code section 6068(o)(3). C.f. Medina v. United Parcel Service, No. C-06-791 JW PVT, 2007 WL 2123699 (N.D. Cal. 2007) (state statute "exempts" discovery-related proceedings from self-reporting obligation). I have no insight as to whether this hold true for Florida bar regulators or in other states in which Plaintiffs' attorneys are licensed.