1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LAVIGNE, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>HERBALIFE LTD., *et al.*,<br><br>Defendants. | No. 2:18-cv-07480-JAK (MRWx)<br><br>**JUDGMENT**<br><br>**JS-6** |

**JUDGMENT IS HEREBY ENTERED** as follows:

1. The Settlement of *Lavigne, et al. v. Herbalife, Ltd., et al.*, Case No. 2:18-cv-07480-JAK (MRWx), pending in the United States District Court, Central District of California (the "Action"), on the terms set forth in the Parties' Stipulation of Settlement, with exhibits (ECF No. 383, collectively, the "Agreement"), and definitions included therein, signed and filed with this Court on May 27, 2022, is finally approved. For the purposes of this Judgment, the court adopts and incorporates the definitions contained in the Agreement. For purpose of clarity, the Corporate Policies referenced in section 5 of the Agreement shall be implemented by or before the date this Judgment becomes "Final," as defined in the Agreement.

2. Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF No. 401) is GRANTED.

3. The following class is granted final certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3): "All U.S. Herbalife distributors who purchased tickets to at least two Herbalife Events during the Class Period." Excluded from the Settlement Class are past and present members of Herbalife's President's Team or above (including past and present members of Herbalife's Chairman's Club and Founder's Circle) to the extent those individuals were members of Herbalife's President's Team or above throughout the Class Period, including their spouses, heirs, predecessors, successors, representatives, alter egos, or assigns. Also excluded are any U.S. Herbalife distributors who have previously executed a release of the claims that are the subject matter of this litigation. The "Class Period" is from January 1, 2009 through and including April 6, 2023 (the date of the Preliminary Approval Order, ECF No. 396). The "Herbalife Events" means any U.S.-based Herbalife Event (inclusive of Herbalife Corporate Events) including: Extravaganza, Leadership Development Weekend (LDW), Future President's Team Retreat, Kickoff, Spectacular(s), January Kickoff (JKO), January Spectacular, Herbalife Honors, African American Recruiting Tour, Herbalife Summit, Building

Your Business Workshop, Future Millionaire Team Event (FMTE), RSM LA Experience, Galaxy Rally, Success Training Seminar (STS), Herbalife Opportunity Meeting (HOM), Scale to Success, and any Latin market equivalent of these events, including, but not limited to, FSL, Fin de Semana de Liderazgo, Mega Escuela, Latin Recruit Tours, Latin Market Extravaganza, Latin Market LDW, and Latin Market Future President's Team Retreat. Finally, based on the September 8, 2023 Declaration of Eric Miller, the Court holds that Douglas Kwock (HI) and Patricia McDonough (CA) have properly excluded themselves and, therefore, shall not be governed by the releases included in the Agreement or be subject in any way to this Final Judgment.[1]

  4. The Court APPROVES the releases in the Agreement as binding and effective as to all members of the Settlement Classes and permanently barring and enjoining such members of the Settlement Classes from asserting any Released Claims as set forth in each Settlement Agreement.

  5. The dissemination of the Class Notice in accordance with the terms of the Agreement and this Court's Preliminary Approval Order, as described in the Settlement Administrator's Declaration filed before the Fairness Hearing: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, the terms of the Settlement, and their rights under the Settlement, including, but not limited to, their right to object to any aspect of the proposed Settlement or exclude themselves from the proposed Settlement and to appear at the Fairness Hearing, and the binding effect of this Final Judgment on all persons and entities who did not request exclusion from the Class; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons

---

[1] The Court notes that although Karen Feiger (FL) requested exclusion from the Settlement Class, the September 8, 2023 Declaration of Eric Miller notes that she also submitted a claim. Accordingly, the Court will not exclude her from the Settlement Class.

entitled to be provided with notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the United States Constitution (including the Due Process Clause), and the Rules of this Court, as well as complied with the Federal Judicial Center's illustrative class action notices.

6. The claims in the Action are DISMISSED on the merits and with prejudice pursuant to the terms set forth in the Parties' Agreement, without costs to any party except as provided in this Final Judgment.

7. Plaintiffs' Class Counsel shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the Agreement and pursuant to the Orders of the Court.

8. Plaintiffs' Motion for Final Approval of Class Counsel's Attorney Fees, Reimbursement of Expenses, and Service Awards is **GRANTED IN PART**. The Court **GRANTS** an award of Attorneys' Fees in the amount of $4,000,000 and an additional reimbursement of costs in the amount of $337,926.03. The Court also **GRANTS** a service award to Plaintiff Patricia Rodgers in the amount of $28,500, Plaintiff Jennifer Ribalta in the amount of $28,500, and Plaintiff Izaar Valdez in the amount of $17,100.

9. The Court also **GRANTS** the payment of administrative costs to A.B. Data in the amount of $840,269.81. The Court reserves the right to award additional administrative costs to A.B. Data upon the showing of good cause in a subsequent motion.

10. The Court **APPROVES** the plan of allocation contained in Section 4 of the Agreement.

11. The Court retains continuing jurisdiction over the parties and the Action. This Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Agreement and of this Final Judgment, and for any other necessary purpose.

12. Accordingly, pursuant to Federal Rule of Civil Procedure 58, and subject to continuing jurisdiction with respect to any issues that arise as to the implementation of the Settlement and related matters, the Clerk of the Court is directed to enter this Final Judgment **DISMISSING** the action **WITH PREJUDICE**.

**IT IS SO ORDERED.**

Dated: November 16, 2023

_____
John A. Kronstadt
United States District Judge